# EXHIBIT 9

to Declaration of Attison L. Barnes, III in Support of Defendant Enterprise Services LLC's Motions in Limine Nos. 1-4

Gary S. Lincenberg - State Bar No. 123058
  glincenberg@birdmarella.com
Nicole R. Van Dyk - State Bar No. 261646
  nvandyk@birdmarella.com
Ashley D. Bowman - State Bar No. 286099
  abowman@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Plaintiff and Counterdefendant
KST Data, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KST DATA, INC., a California Corporation,<br><br>        Plaintiff,<br><br>    vs.<br><br>DXC TECHNOLOGY COMPANY, a Nevada Corporation; ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company; and DOES 1-10,<br><br>        Defendants. | CASE NO. 2:17-cv-07927 SJO (SKx)<br><br>**PLAINTIFF AND COUNTER-DEFENDANT KST DATA, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ENTERPRISE SERVICES LLC'S FIRST SET OF INTERROGATORIES**<br><br>Assigned to Hon. S. James Otero |
| ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company,<br><br>        Counterclaimant,<br><br>    vs.<br><br>KST DATA, INC., a California Corporation,<br><br>        Counterdefendant. | |

3519800.4

KST'S SECOND SUPPLEMENTAL RESPONSES TO ES'S FIRST SET OF INTERROGATORIES

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | DEFENDANT AND COUNTER-CLAIMANT |
| 2 | | ENTERPRISE SERVICES LLC |
| 3 | RESPONDING PARTY: | PLAINTIFF AND COUNTER-DEFENDANT |
| 4 | | KST DATA, INC. |
| 5 | SET NO.: | ONE |

Pursuant to Federal Rule of Civil Procedure 33, the Local Rules of this Court, and the Court's Standing Order, Plaintiff and Counter-Defendant KST Data, Inc. ("KST" or "Plaintiff") hereby objects and responds to Defendant and Counter-Claimant Enterprise Services LLC's ("ES" or "Defendant") First Set of Interrogatories (the "Interrogatories") as follows:

## PRELIMINARY STATEMENT

A. These responses are made solely for the purposes of this action. Each response is subject to all appropriate objections, including, but not limited to, objections to confidentiality, relevance, propriety and admissibility. All such objections and grounds are reserved and may be interposed at the time of deposition and/or trial.

B. Nothing contained herein is intended as, or shall in any way be deemed, a waiver of the attorney/client privilege, the attorney work product doctrine, the common interest and/or joint defense privilege, the right of privacy, and/or any other applicable privilege or doctrine.

C. Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet reviewed all documents relating to this action. Consequently, Plaintiff reserves the right, without assuming any obligation, to supplement its responses.

D. Except for matters explicitly admitted, no admissions of any nature whatsoever are implied or should be inferred. The fact that any Interrogatory has been answered should not be taken as an admission or acceptance of the existence of any facts set forth or assumed by such Interrogatory, or that such answer constitutes

1 admissible evidence. Moreover, the fact that Plaintiff has responded and/or
2 objected to an Interrogatory shall not be interpreted as an admission of the propriety
3 of the Interrogatory.

4     E.    Specific objections to each Interrogatory are made on an individual
5 basis in Plaintiff's responses below. In addition to the specific objections, Plaintiff
6 makes certain general objections (the "General Objections") to the Interrogatory,
7 which are included by reference in each individual response. Plaintiff's response to
8 each individual Interrogatory is submitted without prejudice to and without in any
9 respect waiving any General Objection that is expressly set forth in that response.

## GENERAL OBJECTIONS

11     The following General Objections are incorporated by reference into each
12 individual response, whether or not specific reference to them is made.

13     1.    KST objects to any "Definitions," "Instructions," or other purported
14 requirements in the Interrogatories that purport to impose any greater or different
15 obligations than those imposed by law.

16     2.    KST objects to the Interrogatories, and to each and every Interrogatory
17 therein, to the extent that they call for the production of information protected by
18 applicable constitutional, statutory or common law privileges and/or protections,
19 including of third parties, and including but not limited to the attorney-client
20 privilege, the attorney work-product doctrine, the common interest doctrine, and the
21 rights of privacy. KST will produce only responsive information not subject to any
22 applicable constitutional, statutory or common law privileges or protections.
23 Moreover, the inadvertent production of information protected by such privileges
24 and protections shall not constitute a waiver of the applicable privilege or protection
25 either as to information inadvertently produced or as to any other information or
26 documents.

27     3.    KST objects to the Interrogatories, and to each and every Interrogatory
28 therein, to the extent that they call for disclosure of information of KST or third

parties that constitute(s) confidential, proprietary, trade secret or sensitive business information. KST will not disclose information that is proprietary, trade secret, or otherwise highly confidential absent the entry of a mutually agreeable, suitable Protective Order that provides for an "Attorney's Eyes Only" designation of materials. KST notes that the parties are in the process of negotiating such an order and reserves the right to designate information pursuant to that order once it is finalized. Furthermore, KST will not disclose information protected by confidentiality agreements with third parties absent such third parties' consent to disclosure.

4. KST objects to the Interrogatories, and to each and every Interrogatory therein, to the extent that they are overbroad, unduly burdensome, and oppressive.

5. KST objects to the Interrogatories, and to each and every Interrogatory contained therein, to the extent that they are vague and/or ambiguous, and require KST to speculate as to what information is being requested.

6. KST objects to these Interrogatories on the grounds that they seek to obtain discovery as to matters that are not relevant to any party's claim or defense and proportional to the needs of the case (Fed R. Civ. P. 26(b)(1)).

7. KST objects to definitions that purport to define terms in an overly broad and vague manner that renders all Interrogatories in which such terms are used overly broad, vague, ambiguous and unduly burdensome and also causes such Interrogatories, as written, to seek to obtain discovery as to matters that are not relevant to any party's claim or defense and proportional to the needs of the case.

8. KST objects to the Interrogatories, and to each and every Interrogatory therein, to the extent they seek information or documents that are not within KST's immediate possession or control and/or are within ES's control or equally available to ES, or available from a public court or agency records, or otherwise in the public domain and accessible to all parties.

9. KST reserves all objections to the relevance and admissibility at trial of

**INTERROGATORY NO. 6:**

Identify all contracts or agreements (whether written or oral) between KST and DME relating to subcontract work performed under the ACES contract, and in your answer, state all persons with knowledge of such contract and/or agreement, and the Bates numbers of any such contracts and agreements in your document production.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6:**

KST repeats and incorporates by reference each of its General Objections. KST further objects to this Interrogatory on the grounds that it is unduly burdensome, oppressive, and compound as drafted. Subject to, and without waiving these objections, KST supplements its response as follows: in or around July 2011, Armando Tan and Mitch Evans, on behalf of KST and DME, respectively, entered into an oral agreement under which DME subcontracted KST to perform managed print services specified in purchase orders issued by ES, including back office finance accounting, asset leasing, site support, and other program operational support required to perform work pursuant to those purchase orders. In exchange for KST's performance of managed print and related services for these purchase orders, which were required by ES, DME paid KST 99% (a percentage that was subsequently adjusted downward during the contract term) of the amount of payment to DME under the purchase orders.

KST further responds that KST and DME entered into the above-referenced subcontracting agreement because HPES initially tasked KST with performing managed print services, as indicated in the ACES SOW between KST and HPES. In reliance upon this agreement, KST expended substantial resources to perform on-site assessment, participate in face-to-face meetings, and plan and coordinate its performance of managed print services, including entering into multi-year equipment leases with Konica, HP, and other companies. DME therefore subcontracted KST to continue performing the ongoing work that KST had already

begun, per the ACES SOW, in order to continue to adequately service the NASA end client. KST further responds that such subcontracting relationships between KST and DME were familiar to ES; over the many years that HP (ES's parent company) had worked with KST and DME prior to the ACES CONTRACT, HP had permitted and encouraged KST and DME to subcontract work, and had even touted such subcontracting arrangements in bids it submitted to end-clients.

The terms of this oral agreement are evidenced in the invoices that KST submitted to DME for managed print services performed by KST, and additional records of payments between KST and DME, which are being produced in response to ES's Requests for Production.

Persons with knowledge of the oral subcontracting agreement are Armando Tan and Mitch Evans. Persons with knowledge of the performance of the oral subcontract and invoices reflecting terms of the oral agreement are Mitch Evans; KST personnel Armando Tan Jeff Bertoli, Mark Edson, Stefan Mandanis, Cheryl Thomas, Ester Tan, Stephanie Lupo, Randy Mc Shane, Russell Wood, and Jim Lupo; and former KST personnel Jim Perry and Daniel Austin.

KST further responds that discovery in this matter is ongoing, and therefore KST reserves the right to modify this response as more information becomes available to it.

**INTERROGATORY NO. 14:**

For the work identified in response to the prior interrogatory, separately identify how KST was paid by DME when KST performed all or part of the work set forth in purchase orders from ES to DME, and in your answer, identify how ES's payment to DME was transferred to KST and how KST and DME determined how much would be paid to KST, state all persons with knowledge of such facts, and the Bates numbers any documents reflecting such facts in your document production.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14:**

KST repeats and incorporates by reference each of its General Objections.

KST further objects to this Interrogatory on the grounds that it is unduly burdensome, oppressive, and compound as drafted. Subject to, and without waiving these objections, KST supplements its response as follows: KST and DME entered into an oral agreement under which DME subcontracted KST to perform managed print services specified in purchase orders issued by ES, including back office finance accounting, asset leasing, and other program operational support required to perform work pursuant to those purchase orders. In exchange for KST's performance of managed print and related services for these purchase orders, which were required by ES, DME paid KST 99% of the amount of payment to DME under the purchase orders. DME paid these funds to KST via bank transfer from DME's bank account to KST's bank account, according to instructions provided in advance by DME's bank.

KST further responds that KST and DME entered into the above-referenced subcontracting agreement because HPES initially tasked KST with performing managed print services, as indicated in the ACES SOW between KST and HPES. In reliance upon this agreement, KST expended substantial resources to perform on-site assessment, participate in face-to-face meetings, and plan and coordinate its performance of managed print services, including entering into subcontracting agreements with third-parties and multi-year equipment leases with Konica, HP, and other companies. DME therefore subcontracted KST to continue performing the ongoing work that KST had already begun, per the ACES SOW, in order to continue to adequately and timely service the NASA end client.

The terms of this oral agreement are evidenced in the invoices that KST submitted to DME, and DME approved and paid, for managed print services performed by KST, and in additional records of payments between KST and DME, which are being produced in response to ES's Requests for Production.

Persons with knowledge of the oral subcontracting agreement are Armando Tan and Mitch Evans. Persons with knowledge of the performance of the oral

subcontract and invoices reflecting terms of the oral agreement are Mitch Evans; KST personnel Armando Tan Jeff Bertoli, Mark Edson, Stefan Mandanis, Cheryl Thomas, Ester Tan, Stephanie Lupo, Randy Mc Shane, Russell Wood, and Jim Lupo; and former KST personnel Jim Perry and Daniel Austin.

KST further responds that discovery in this matter is ongoing, and therefore KST reserves the right to modify this response as more information becomes available to it.

**INTERROGATORY NO. 16:**

Other than the subcontract work performed under the ACES contract at issue in this action, separately identify all occasions on which KST and DME have worked together, including but not limited to the dates of each project, the names of each project, the other parties working on each project, and the amount of and descriptions of payments made between KST and DME on each project, and in your answer, state all persons with knowledge of the same, and the Bates numbers of any documents relating to the same in your document production.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 16:**

KST repeats and incorporates by reference each of its General Objections. KST further objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, oppressive, and compound as drafted. KST also objects to this Interrogatory on the basis that it seeks confidential, proprietary, and/or trade secret information and the parties have not yet entered into a protective order in this action. KST further objects to this Interrogatory on the basis that it seeks discovery as to matters that are not relevant to any party's claim or defense and are not proportional to the needs of the case. Subject to, and without waiving these objections, KST supplements its response as follows: Prior to KST entering into the ACES SOW, KST and DME worked together as subcontracts on the following projects:

- Northrop Grumman Managed Print for Newport News Shipbuilding (2008-2012)

Administrative Agreement, effective November 20, 2015 and June 22, 2017, respectively, will also be produced forthwith.

Persons with knowledge of this suspension include Armando Tan, Jeff Bertoli, Mark Edson, Randy McShane, Stephanie Lupo, Joanne Mosig, Steve Vetter, Deborah Gardiner, Claude Imagna, David Debruhl, Robert Pearson, Brandon Frankens, Frances Gilpin, Ashleigh Seitz, Doug Harris, Rob Lacios, Marcus Richardson, Larry Johnson, Mark Fuerst, David Chambers, and Marilyn Crouther.

KST further responds that discovery in this matter is ongoing, and therefore KST reserves the right to modify this response as more information becomes available to it.

DATED: September 7, 2018

Gary S. Lincenberg
Nicole R. Van Dyk
Ashley D. Bowman
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks. Lincenberg & Rhow. P.C.

By:     /s/ Ashley D. Bowman
             Ashley D. Bowman
           Attorneys for Plaintiff and
           Counterdefendant KST Data. Inc.

## VERIFICATION

I hereby certify, under penalty of perjury, that the foregoing Second Supplemental Responses and Objections to Enterprise Services, LLC's First Set of Interrogatories are true and correct.

Dated: September 7, 2018          By: _____

## PROOF OF SERVICE

*KST Data, Inc. v. DXC Technology*
Case No. CV 17-07927

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067-2561.

On September 7, 2018, I served the following document(s) described as **PLAINTIFF AND COUNTER-DEFENDANT KST DATA, INC.'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ENTERPRISE SERVICES LLC'S FIRST SET OF INTERROGATORIES** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 7, 2018 at Los Angeles, California.

_____
Debbey Beatty

3519800.4

PROOF OF SERVICE

**SERVICE LIST**
*KST Data, Inc. v. DXC Technology*
Case No. CV 17-07927

| | |
|---|---|
| Brian C. Vanderhoof<br>LeClairRyan, LLP<br>725 S. Figueroa Street, Suite 350<br>Los Angeles, CA 90017<br>Telephone: (213) 488-0503<br>Facsimile: (213) 624-3755<br>**Counsel for Defendant DXC Technology Company and Intervenor Enterprise Services LLC** | Attison L. Barnes, III<br>Wiley Rein LLP<br>1776 K Street, NW<br>Washington, DC 20006<br>Telephone: (202) 719-7000<br>Facsimile: (202) 719-7049<br>**Counsel for Defendant DXC Technology Company and Intervenor Enterprise Services LLC** |