Gary S. Lincenberg - State Bar No. 123058
 glincenberg@birdmarella.com
Nicole R. Van Dyk - State Bar No. 261646
 nvandyk@birdmarella.com
Ashley D. Bowman - State Bar No. 286099
 abowman@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Plaintiff and Counter-
Defendant KST Data, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KST DATA, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DXC TECHNOLOGY COMPANY, a Nevada Corporation; ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company; and DOES 1-10,<br><br>　　　　Defendants.<br>――――――――――――――――――<br>ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company,<br><br>　　　　Counterclaimant,<br><br>　　vs.<br><br>KST DATA, INC., a California Corporation,<br><br>　　　　Counterdefendant. | CASE NO. 2:17-cv-07927 SJO (SKx)<br><br>**PLAINTIFF KST DATA, INC.'S OPPOSITION TO ENTERPRISE SERVICES LLC'S REQUEST AND MOTION FOR RECONSIDERATION OF COURT'S MARCH 13, 2019 AWARD OF PRE-JUDGMENT INTEREST**<br><br>[*Filed Concurrently With Declaration of Ashley D. Bowman In Support of KST's Opposition to ES's Request and Motion for Reconsideration of Court's March 13, 2019 Award of Pre-Judgment Interest*]<br><br>Assigned to Hon. S. James Otero |

3577748.5

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### I.   INTRODUCTION

In bringing its motion for reconsideration of the award of 18% pre-judgment interest to KST Data, Inc. ("KST"), Enterprise Services, LLC ("ES") mistakes its disagreement with the Court's decision for a valid ground for the extraordinary remedy it seeks.   ES's motion fails to meet the high threshold required to justify reconsideration of this Court's final order on both substantive and procedural grounds, and should not be countenanced by this Court:

*First,* ES has failed to articulate any legally cognizable ground for its motion under Federal Rules of Civil Procedure 59 or 60; indeed, it has failed to articulate any ground for its motion at all.  ES's motion raises no legal or factual issues besides those that the Court already considered—and rejected—in its Final Order and Judgment granting KST's Motion for Entry of Judgment.  Its motion should be summarily rejected on that ground alone.

*Second*, even if there were some colorable ground for reconsideration (there is not), the Court should nonetheless deny ES's motion because ES both failed to comply with the procedural motion requirements set forth in this District's Local Rules, and misrepresented the fact of its non-compliance to this Court.

ES's procedurally and substantively deficient motion for reconsideration has presented this Court with no reason to revisit its award of 18% pre-judgment interest to KST.  ES's motion should be denied.

### II.   FACTUAL BACKGROUND

This Court resolved the central contract dispute between KST and ES in this action when it granted summary judgment in favor of KST on both its affirmative breach of contract claim seeking payment for invoices withheld by ES, and ES's counterclaim for breach of contract and related claims.  (Dkt. 188 at 15; Dkt. 207 at 1.)  The Court then granted KST's Motion for Entry of Judgment, entering judgment for KST on March 13, 2019, in the amount of $5,239,939.94, inclusive of

1   $3,180,232.41 for the outstanding invoice balances, and 18% pre-judgment interest
2   in accordance with the contractual interest rate set forth in those unpaid invoices.
3   (Dkt. 207 at 4-5.)

4       In granting KST's Motion for Entry of Judgment over ES's opposition, the
5   Court noted that California's "default 10% per annum interest rate after breach of a
6   contract . . . only applies if a contract does not provide otherwise."  (Dkt. 207 at 4.)
7   The Court then held that, since the invoices at issue "specify that 'all unpaid
8   accounts accrue interest at the rate of the lesser of 18% per annum or the highest rate
9   allowed by law,'" and California law permits an 18% interest rate, KST was entitled
10  to 18% pre-judgment interest on the unpaid invoices at issue in this case.  (*Id.* at 4-5
11  (quoting Dkt. 195-2, Ex. 49).)  In so ruling, the Court acknowledged and rejected
12  each of ES's arguments that the 10% statutory rate should apply:

13      • The Court rejected ES's argument that KST had submitted "new
14        evidence" in support of its Motion for Judgment after the case had
15        closed, noting that California law permits the Court to rely on evidence
16        submitted by affidavit after the conclusion of litigation to calculate
17        damages for the judgment or attorney's fees.  (Dkt. 207 at 4 (citing *Kim*
18        *v. Westmoore Partners, Inc.*, 201 Cal. App. 4th 267 (2011); *Bd. of*
19        *Trustees of the Boilermaker Vacation Trust*, 389 F. Supp. 2d 1222,
20        1226 (N.D. Cal. 2005).)

21      • The Court rejected ES's argument that KST did not produce certain
22        invoices in discovery as irrelevant, because KST was entitled to prove
23        damages by affidavit (in this case, the sworn declaration of Armando
24        Tan) after the conclusion of litigation.  (Dkt. 207 at 4.)[1]

25  _____

26  [1]   Moreover, as KST explained in its briefing in support of its Motion for Entry of
      Judgment, KST *had disclosed* in discovery that it was seeking 18% interest based on
27  the terms of its invoices to ES.  (Dkt. 201-2 at 6:12-15 (stating that KST's damages
      include "contractual interest of 18% per annum accruing through the date of
28

- And finally, the Court rejected ES's argument that the 10% statutory interest rate applied based on its determination, supported by KST's exhibits and affidavit, that KST's invoices to ES supplied the applicable contractual interest rate.  (*See* Dkt. 207. at 4-5.)

Now, despite the fact that, after considering and rejecting ES's arguments to the contrary, the Court already determined KST's invoices and affidavit in support of its Motion were sufficient to establish its right to 18% pre-judgment interest (*see* Dkt. 207 at 4-5 ), ES merely rehashes the same failed arguments in its motion for reconsideration.  (*See* Dkt. 215 at 20-21.)

As addressed further in this opposition, the substantive deficiencies in ES's motion are sufficient to deny it; but the impropriety of ES's motion for reconsideration is further laid bare by the fact that ES did not even try to comply with this Court's procedural rules for filing it.  On April 10, 2019, mere hours before its filing deadline, ES informed KST for the first time that it would file a motion for reconsideration of the Court's application of the 18% pre-judgment interest rate. (Declaration of Ashley D. Bowman ("Bowman Decl.") ¶ 3.)  KST's counsel was unavailable to participate in an unscheduled meet-and-confer call on the day of filing, informed ES's counsel of that fact, and attempted to schedule a meet-and-confer conference two days later.  (*Id.* ¶¶ 4-5.)  In spite of these unambiguous communications from KST, ES proceeded to file on April 10 a combined Opposition to KST's Motion for Attorney's Fees and Request for Reconsideration,[2]

_____

payment, as set forth in KST's invoices").)  However, ES never sought further discovery on the interest rate issue, or addressed it at all, before opposing KST's Motion for Entry of Judgment.  (*See id.*)  *Nor has ES ever disputed that this term was contained in the invoices it received from KST.*

[2]   Though it is unclear from the manner in which ES filed its motion, KST assumes that ES's Motion for Reconsideration consists of the argument set forth in Dkt. No. 215, pages 20-21, under the heading "The Court Should Reconsider Its Decision Granting KST Pre-Judgment Interest At The 'Contractual' Rate of 18% Per Year."

wherein ES's counsel misrepresented to the Court that a conference of counsel took place on March 20 and April 10, when no such conference had actually occurred.[3] (*Id.* ¶ 5; *see* Dkt. 220 at 4.)

## III.   ARGUMENT

### A.   ES's Motion Must Be Denied Because It Fails To Articulate Any Basis For Reconsideration.

Setting aside, for a moment, ES's flagrant disregard for the procedural rules in bringing this motion, its motion must be dismissed for the simple reason that ES fails to articulate any legally cognizable basis for the Court to grant its request for reconsideration and amend its judgment.  It is hornbook law that only a limited set of grounds may justify relief from a final judgment or order under Rule 60(b), namely: (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or untimely judgment; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)-(6).  "Notwithstanding the provision's broad language," the last of these six grounds "applies only in extraordinary circumstances."  *Franklin v. Madden*, No. CV 17-4281 DSF(JC), 2018 WL 6038332, *2 (C.D. Cal. July 18, 2018); *see also Wood v. Ryan*, 759 F.3d 1117, 1119-20 (9th Cir. 2014) (movant seeking relief under Rule 60(b)(6) must show "extraordinary circumstances justifying the reopening of a final judgment").  Thus, the Court may only exercise its discretion to grant relief under Rule 60(b)(6) "sparingly as an equitable remedy to prevent manifest injustice."  *Franklin*, 2018 WL 6038332, at *2.

---

[3]   ES's contention that it met and conferred about a motion for reconsideration on March 20 is a fiction.  The only meet-and-confer that happened on that date related to *KST's pre-scheduled meet-and-confer call* regarding *its motion* for attorney's fees.  ES's counsel never indicated an intent to file a motion for reconsideration or articulated any basis for reconsideration on March 20.  (Dkt 218-1 ¶ 3.)

1    Similarly, "reconsideration of a judgment after its entry [under Rule 59(e)] is

2    an extraordinary remedy which should be used sparingly." *Grant v. Seterus, Inc.*,

3    No. CV 16-06692-SJO (AJWx), 2017 WL 8186264, *2 (C.D. Cal. Oct. 3, 2017)

4    (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999)).  Thus, the

5    circumstances under which a court may grant a motion to alter or amend its

6    judgment under Rule 59(e), which is intended to "correct manifest errors of law or

7    fact or to present newly discovered evidence," are limited.  *Grant* , 2017 WL

8    8186264, *2  (citation omitted).  The court may exercise its discretion to amend the

9    judgment only when it is: (1) "necessary to correct manifest errors of law or fact

10   upon which the judgment rests"; (2) "necessary to present newly discovered or

11   previously unavailable evidence"; (3) necessary to prevent manifest injustice; or

12   (4) justified by an intervening change in controlling law.  *Allstate Ins. Co. v.*

13   *Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

14   ES has provided this Court with no basis to exercise its discretion under Rule

15   59(e) or Rule 60(b) because none exists.  In fact, ES has failed to even state which

16   one of the limited grounds under Rules 59(e) or 60(b) it is relying on for its request

17   for reconsideration, let alone present any law or facts in support of its request.  (*See*

18   Dkt. 215 at 20-21.)  ES does not—and cannot—present any new facts or arguments

19   that have not already been heard and rejected by this Court.  Nor does it identify any

20   "manifest error" that infected the Court's judgment and thus merits correction.

21   Instead, the crux of ES's motion is that ES believes the Court's March 13

22   judgment was wrong because "KST has no contractual basis for the 18%

23   prejudgment interest that the Court applied."  (*Id.* at 20:2-17 (emphasis omitted).)

24   But the arguments ES advances in support of this position were already considered,

25   and denied, by this Court when it granted KST's fully-briefed Motion for Entry of

26   Judgment and determined that the disputed invoices supplied the contractual interest

27   rate term applicable to this breach of contract action. (Dkt. 207 at 4-5.)  ***First***, the

28   Court made clear that it could, and did, consider KST's affidavits and other

1  evidence put forth after the conclusion of litigation to reach a determination on the

2  proper award of damages and fees.  (*Id.*)  **Second**, while ES hangs its motion on its

3  insistence that the reverse side of the invoices containing the interest rate term was

4  not produced in discovery, ES has never denied that it received the original

5  invoices—front and back—from KST.  It has also still not attempted to explain or

6  justify its failure to probe KST's repeated references to the 18% contractual interest

7  rate established by its invoices in discovery if it did not already have them.[4]

8  (Bowman Decl. ¶ 2.)

9         Simply put, ES has identified no *new* evidence or law that was unavailable at

10  the time it opposed KST's Motion for Entry of Judgment or identified any "manifest

11  injustice" that would support the relief it seeks.  Rather, ES has made clear that the

12  sole basis for its motion for reconsideration is its disagreement with the Court's

13  reasoning and ruling—a position it undoubtedly shares with the overwhelming

14  majority of defendants facing an adverse judgment.  But the law does not recognize

15  a party's belief that it was right and the court was wrong as a basis for

16  reconsideration.  Quite the opposite: a "party seeking reconsideration **must show**

17  **more than disagreement** with the Court's decision" to obtain relief from a final

18  judgment.  *Franklin*, 2018 WL 6038332, at *2 (emphasis added).  Reconsideration

19  is not intended as a means to "express disagreement with the Court's prior analysis"

20  or to "ask the Court to rethink what it has already thought"; "[a]rguments that the

21  court was in error on the issues it considered," like ES's argument that the Court

22  erred in deciding to apply the contractual pre-judgment interest rate here, "should

23  generally be directed to the Court of Appeals."  *Id.* (citation omitted).  Because ES

24  merely asks the Court to "rethink what it has already thought," ES's motion for

25  reconsideration and amendment of the judgment must be denied.

---

27  [4]   Presumably, ES did not raise this issue during discovery because *ES* is the party
in possession of these original invoices.  Thus, it is ES, and not KST, who had an
28  obligation to produce them.

1
2

## B.  ES's Flagrant Disregard For This Court's Procedural Rules Warrants Dismissal Of Its Motion.

3  Even if ES's motion set forth some substantive basis for the Court to grant it
4  (it does not), it should nonetheless be denied in light of ES's disregard for the Local
5  Rules and its misrepresentations in its filings before this Court.  The Local Rules set
6  forth expectations and requirements for the conduct of all litigants who come before
7  the Court, including ES.  Even without delving into the scarcely-articulated merits
8  of ES's argument for reconsideration, the Court can and should deny ES's motion
9  based on ES's abject failure to comply with this Court's local procedural rules.[5]
10 Local Rule 7-3 is clear that any party seeking to file a motion before this Court must
11 meet and confer with opposing counsel "at least seven (7) days prior to the filing of
12 the motion" in order to "*discuss thoroughly* . . . the substance of the contemplated
13 motion and any potential resolution."  L.R. 7-3 (emphasis added).

14  The fact that ES waited until just hours before the filing deadline to inform
15 KST's counsel of its intent to file a motion for reconsideration is proof enough that
16 ES never intended to follow this Court's unambiguous requirement that the parties
17 meet and confer *seven days* before the filing of a motion.  On April 10, lead counsel
18 for ES, called KST's counsel, Ashley Bowman, to state that ES intended to file a
19 motion for reconsideration later that day.  (Bowman Decl. ¶ 4)  Ms. Bowman
20 informed ES's counsel that she was not prepared to meet and confer without prior
21 notice; that she only had a few minutes to speak at that time; that lead counsel for
22 KST, Nicole Van Dyk, would need to participate in the meet-and-confer call; and

23

24 [5]   In addition to its failure to meet and confer, ES also attempted to deprive KST of
25 *any* opportunity to fully respond to its purported request for reconsideration by
   filing an unauthorized and improper sur-reply to KST's Reply in Support of its
26 Motion for Attorneys' Fees.  (Dkt. 220.)  The Local Civil Rules expressly forbid
27 filing such papers without leave of court.  L.R. 7-10.  Since ES neither requested nor
   received leave of this Court before filing its sur-reply, KST anticipates, and also
28 expressly requests, that the Court disregard ES's unauthorized filing.

that she would contact ES's counsel as soon as she could that day with an appropriate time to meet and confer regarding ES's motion and potential hearing dates.  (*Id.*)  Although KST's counsel suggested via email a few hours later that the parties meet and confer on April 12 or April 15 when Ms. Van Dyk was available, ES proceeded with filing its motion on April 10 without conducting any conference of counsel.  (*Id.* ¶ 5, Ex. 1.)  In spite of the fact that Ms. Bowman only spoke with ES's counsel for approximately three-and-a-half minutes, and stated more than once that she was not able to meet and confer at that time, ES informed the Court that the parties *had* conferred on both April 10 and March 20 (the latter being the date on which the parties *actually* conferred about *KST's Motion for Attorney's Fees*, not any motion by ES).  (*See id.*)

Since the filing of its motion for reconsideration, ES has attempted to manufacture post-filing compliance with Rule 7-3 by "offering" KST an opportunity to stipulate to ES's requested relief.  (*See* Bowman Decl. ¶ 6.)  But the law is clear that such machinations are not an adequate substitute for compliance by timely conferring *prior to filing* a motion as is required by Rule 7-3.  *See Govea v. Monrovia Unif. Sch. Distr.*, No. CV 17-03093-AB (MRWx), 2018 WL 5915643, *1 (C.D. Cal. June 19, 2018) (declining to consider whether meet-and-confer letter sent one day before filing was substantively adequate under L.R. 7-3 because it nonetheless violated the Rule's timeliness requirements).  ES's failure to meet and confer as required by this district and its flagrant misrepresentation to the Court are a sufficient and independent ground to deny its improper motion for reconsideration. L.R. 7-4 ("The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 . . ."); *see Govea*, 2018 WL 5915643, *1 (C.D. Cal. June 16, 2018) (denying motion to dismiss where movant first attempted to meet and confer one day before filing); *Securities and Exchange Comm. v. Wayard*, No. SACV 17-01156 AG (DFMx), 2017 WL 10438822, *2 (C.D. Cal. Oct 2, 2017) (dismissal of motion justified based on movant's failure to meet and confer in good

1  faith); *Hall v. Mt. Terrace AOAO*, No. 16-00552 JMS-KSC, 2017 WL 3597521, *2

2  (D. Haw. July 12, 2017) (refusing to consider motion due to party's

3  misrepresentations to the court and failure to comply with local rules).

4      The Court has already demonstrated leniency in permitting ES to designate an

5  improperly filed request for reconsideration as a motion that would be considered at

6  all by this Court.  *See Houze v. BrassCraft Manuf. Co.*,  No. CV 12-09628 GAF

7  (MANx), 2013 WL 12139087, *5 (C.D. Cal. Jan. 3, 2013) (Court may decline to

8  consider motion that putative movant improperly appended to its opposition brief on

9  a separate motion); *Reed v. KPS Alarms, Inc.*, No. CV 15-5482 DMG (Ex), 2016

10  WL 1729041, *1 n.1 (C.D. Cal. Apr. 29, 2016) (treating improperly noticed and

11  filed cross-motion for summary judgment as opposition to opponent's motion).  ES

12  has demonstrated no reason for the Court to do so again by considering ES's

13  procedurally defective motion for reconsideration on the merits.

14  **IV.   CONCLUSION**

15      For the foregoing reasons, KST respectfully requests that the Court deny ES's

16  motion for reconsideration.

17

18  DATED:  May 20, 2019        Respectfully submitted,

19                    Gary S. Lincenberg

20                    Nicole R. Van Dyk
                  Ashley D. Bowman

21                    Bird, Marella, Boxer, Wolpert, Nessim,
                  Drooks, Lincenberg & Rhow, P.C.

22

23

24                    By:    /s/ Nicole R. Van Dyk
                      Nicole R. Van Dyk

25                    Attorneys for Plaintiff and Counter-
                  Defendant KST Data, Inc.

26

27

28

3577748.5

9