Gary S. Lincenberg - State Bar No. 123058
  glincenberg@birdmarella.com
Nicole R. Van Dyk - State Bar No. 261646
  nvandyk@birdmarella.com
Ashley D. Bowman - State Bar No. 286099
  abowman@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Plaintiff and Counter-Defendant KST Data, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KST DATA, INC., a California Corporation,<br><br>            Plaintiff,<br><br>     vs.<br><br>DXC TECHNOLOGY COMPANY, a Nevada Corporation; ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company; and DOES 1-10,<br><br>            Defendants.<br><br>ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company,<br><br>            Counterclaimant,<br><br>     vs.<br><br>KST DATA, INC., a California Corporation,<br><br>            Counterdefendant. | CASE NO. 2:17-cv-07927 SJO (SKx)<br><br>**DECLARATION OF ASHLEY D. BOWMAN IN SUPPORT OF PLAINTIFF KST DATA, INC.'S OPPOSITION TO ENTERPRISE SERVICES LLC'S REQUEST AND MOTION FOR RECONSIDERATION OF COURT'S MARCH 13, 2019 AWARD OF PRE-JUDGMENT INTEREST**<br><br>[*Filed Concurrently With KST's Opposition to ES's Request and Motion for Reconsideration of Court's March 13, 2019 Award of Pre-Judgment Interest*]<br><br>Assigned to Hon. S. James Otero |

3577750.1

BOWMAN DECLARATION ISO PLAINTIFF'S OPPOSITION TO MOTION FOR RECONSIDERATION

**DECLARATION OF ASHLEY D. BOWMAN**

I, Ashley D. Bowman, declare as follows:

1. I am an active member of the Bar of the State of California and an attorney with Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, A Professional Corporation ("Bird Marella"), attorneys of record for Plaintiff and Counter-Defendant KST Data, Inc. in this action. I make this Declaration in support of KST's Opposition to Enterprise Services LLC's Motion for Reconsideration of the Court's March 13, 2019 Award of Pre-Judgment Interest. Except for those matters stated on information and belief, I make this declaration based upon personal knowledge and, if called upon to do so, I could and would so testify.

2. During discovery in this matter, KST stated that it was seeking interest on its damages in the amount of 18% per annum based upon the contractual terms on its invoices to ES. However, ES never followed up on these statements or made any effort to ask about the invoice terms at deposition or in written discovery.

3. ES first gave notice that it was filing a motion for reconsideration on the morning of April 10, 2019. While ES's purported Notice of Motion states that counsel conferred on March 20 about ES's motion for reconsideration, that statement is not accurate. Rather, March 20 was the date that my colleague Nicole Van Dyk and I conferred with ES's counsel, Attison Barnes, III and Rebecca Saitta, about *KST's Motion for Attorneys' Fees*, seven days in advance of the March 27 filing date. During that call, Mr. Barnes and Ms. Saitta did not provide notice of filing any motion, ES's purported grounds for any motion, or proposed motion hearing dates. Indeed, they did not mention filing any motion at all, unless Mr. Barnes is characterizing his statements that ES intended to oppose *KST's fee motion* because the Court's Judgment and Order were wrong as a meet-and-confer conference on *ES's motion for reconsideration*. There was no discussion of an ES motion for reconsideration on March 20.

4. On April 10, without any prior notice or arrangement, Mr. Barnes, lead counsel for ES, called me to state that ES intended to file a motion for reconsideration later that day, and that ES would set the motion for hearing on May 20 or May 28. I informed Mr. Barnes that I was not available to meet and confer without prior notice, was only able to speak for a few minutes at the time he called, and could not attend either of his proposed hearing dates. I also informed Mr. Barnes that Nicole Van Dyk, lead counsel for KST, would need to participate in the meet-and-confer call, and that I would contact him as soon as I could that day once I determined when Ms. Van Dyk and I could meet and confer about the motion and hearing dates. I checked my phone records following this call and determined that I had spoken with Mr. Barnes for approximately 3.5 minutes on April 10.

5. A few hours later on April 10, I emailed Mr. Barnes to offer that we meet and confer when Ms. Van Dyk and I were both available, either two days later on Friday, April 12, or the following Monday, April 15, and to request that ES set the hearing for June 6. However, Mr. Barnes ignored these offers to meet and confer and proceeded to file ES's Motion on April 10 without conducting a conference of counsel. A true and correct copy of the email exchange between KST's counsel and Mr. Barnes on this issue is attached as **Exhibit 1**.

6. In two emails to KST's counsel—one sent 90 minutes before ES filed its motion and another sent a couple of days later, Mr. Barnes stated that he would be willing to have a further discussion with KST's counsel about ES's motion for

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3577750.1

2

BOWMAN DECLARATION ISO PLAINTIFF'S OPPOSITION TO MOTION FOR RECONSIDERATION

1 | reconsideration *if* KST was willing to withdraw its request for 18% pre-judgment
2 | interest.
3 |     I declare under penalty of perjury under the laws of the United States of
4 | America that the foregoing is true and correct, and that I executed this declaration on
5 | May 20, 2019, at Los Angeles, California.
6 |
7 |                                                 /s/ Ashley D. Bowman
8 |                                                   Ashley D. Bowman

3577750.1

3

BOWMAN DECLARATION ISO PLAINTIFF'S OPPOSITION TO MOTION FOR RECONSIDERATION