STEPHEN G. LARSON (SBN 145225)
 slarson@larsonobrienlaw.com
Larson O'Brien LLP
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

ATTISON L. BARNES, III (admitted *pro hac vice*)
 abarnes@wileyrein.com
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Telephone:  (202) 719-7000
Facsimile:  (202) 719-7049

BRIAN C. VANDERHOOF (SBN 248511)
Brian.Vanderhoof@leclairryan.com
LECLAIRRYAN LLP
725 S. Figueroa Street, Suite 350
Los Angeles, CA 90017
Telephone: (213) 488-0503
Facsimile: (213) 624-3755

Attorneys for Defendant/Counterclaimant
ENTERPRISE SERVICES LLC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KST DATA, INC., a California Corporation,<br><br>            Plaintiff,<br><br>    vs.<br><br>DXC TECHNOLOGY COMPANY, a Nevada Corporation; ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company; and DOES 1-10,<br><br>            Defendants.<br><br>ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company,<br><br>            Counterclaimant,<br><br>    vs.<br><br>KST DATA, INC., a California Corporation; ARMANDO TAN, an individual; and MITCHELL EVANS, an individual,<br><br>            Counterdefendants. | CASE NO. 2: 17-cv-07927 SJO (SK)<br><br>Judge: S. James Otero<br><br>Magistrate Judge: Steve Kim<br><br>**DEFENDANT ENTERPRISE SERVICES LLC'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF COURT'S MARCH 13 AWARD OF PRE-JUDGMENT INTEREST**<br><br>[Declaration of Attison L. Barnes, III and Exhibits filed concurrently herewith] |

ES's Motion for Reconsideration respectfully asks this Court to reconsider its decision to award KST 18% interest based on a disputed "back page" of an invoice, which was expressly at odds with: (1) the terms of the parties' written agreements, which provided that KST could not unilaterally impose additional terms by invoice, rendering such terms of no effect; (2) controlling California law, which similarly prohibits one party from varying the terms of a contract through inclusion of additional terms on an invoice; (3) the lack of any contemporaneous evidence from either party that the disputed invoice terms were ever transmitted to ES; and (4) the lack of any contemporaneous evidence that ES ever agreed to the disputed invoice terms, which under California law KST would be required to show even if KST could show that the disputed invoice terms had in fact been transmitted to ES.

The effect of the Court's failure to consider these issues is significant. Indeed, the application of the 18% interest rate, as well as KST's claimed attorney's fees relying on the same disputed "back page" terms, would force ES to pay nearly $2.5 million in addition to the $3.5 million already awarded by the Court. Such an outcome, contrary to the terms of the contract, applicable law, and the actual evidence in this case, is plainly in error and would result in a manifest injustice. Therefore, ES respectfully requests that the Court reconsider its decision to award 18% interest based on the disputed "back page" terms.

Oddly, KST devotes nearly half of its opposition to ES's motion to a discussion of the parties' meet-and-confer. This issue was fully briefed before the Court decided to hear the motion for reconsideration on June 3, 2019. Even if the issue were not moot, the parties' positions on KST's claim to 18% pre-judgment interest were fixed and known for *months* before ES filed its motion. By raising this issue once again, KST engages in an exercise in misdirection, seeking to distract the Court from the manifest merits of ES's motion. This Court should not be distracted from reconsidering its pre-judgment interest award.

1    CASE NO. 2:17-cv-07927 SJO (SK)
DEFENDANT ENTERPRISE SERVICES LLC'S REPLY IN SUPPORT OF ITS MOTION FOR
RECONSIDERATION OF COURT'S MARCH 13 AWARD OF PRE-JUDGMENT INTEREST

ES's Motion for Reconsideration respectfully asks this Court to reconsider its decision to award KST 18% interest based on a disputed "back page" of an invoice, which was expressly at odds with: (1) the terms of the parties' written agreements, which provided that KST could not unilaterally impose additional terms by invoice, rendering such terms of no effect; (2) controlling California law, which similarly prohibits one party from varying the terms of a contract through inclusion of additional terms on an invoice; (3) the lack of any contemporaneous evidence from either party that the disputed invoice terms were ever transmitted to ES; and (4) the lack of any contemporaneous evidence that ES ever agreed to the disputed invoice terms, which under California law KST would be required to show even if KST could show that the disputed invoice terms had in fact been transmitted to ES.

The effect of the Court's failure to consider these issues is significant. Indeed, the application of the 18% interest rate, as well as KST's claimed attorney's fees relying on the same disputed "back page" terms, would force ES to pay nearly $2.5 million in addition to the $3.5 million already awarded by the Court. Such an outcome, contrary to the terms of the contract, applicable law, and the actual evidence in this case, is plainly in error and would result in a manifest injustice. Therefore, ES respectfully requests that the Court reconsider its decision to award 18% interest based on the disputed "back page" terms.

Oddly, KST devotes nearly half of its opposition to ES's motion to a discussion of the parties' meet-and-confer. This issue was fully briefed before the Court decided to hear the motion for reconsideration on June 3, 2019. Even if the issue were not moot, the parties' positions on KST's claim to 18% pre-judgment interest were fixed and known for *months* before ES filed its motion. By raising this issue once again, KST engages in an exercise in misdirection, seeking to distract the Court from the manifest merits of ES's motion. This Court should not be distracted from reconsidering its pre-judgment interest award.

### I. Reconsideration of the Court's March 13 Order is Warranted Because the Court Failed to Address Material Evidence and Controlling Law.

As set forth above, ES's motion identifies four legal and factual issues that were raised by ES in its original opposition to KST's Motion for Entry of Judgment, but which the Court overlooked when it originally awarded KST 18% interest. Dkt. 215 at 20-21; *see also id.* at 8-16; Dkt. 201, pp. 8-9. Because ES originally raised these arguments and the Court did not address any of them in its decision, ES properly raised these issues in its request for reconsideration, which is appropriate for any one of a number of grounds including: (1) a mistake (Rule 60(b)(1)); (2) where the court "committed clear error or the initial decision was manifestly unjust" (*Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) and Rule 59(e)); and (3) for "any other reason that justifies relief" (Rule 60(b)(6)); *see also* L.R. 7-18(c) (allowing for reconsideration upon "a manifest showing of a failure to consider material facts presented to the Court before [the] decision").[1]

Although the Court did not address these key issues when it awarded KST 18% interest, KST nevertheless claims that ES has simply "re-hashed" arguments that the Court considered and rejected regarding KST's submission of "new evidence," and KST's failure to produce during discovery the disputed back page of invoice terms. *See* Dkt. 223 at 6-7. But neither KST nor the Court have addressed the actual issues raised in ES's Motion: (1) the terms of the parties' written agreement and purchase orders, which expressly stated that invoice terms were not binding; (2) California law, which forbids one party to unilaterally vary contract terms through subsequent invoice language; (3) the lack of any contemporaneous evidence that the disputed invoice terms were actually submitted to ES, (critically, none of the actual invoices produced in discovery by each of KST and ES contained

---

[1] Alternatively, a district court may relieve a party from a final judgment or order under Rule 60(b) upon a showing of "extraordinary circumstances" that justify relief. *ACandS*, 5 F.3d at 1263; Fed. R. Civ. P. 60(b).

the disputed back page; and (4) even assuming the "back page" invoices had been submitted to ES, the lack of any evidence that ES ever agreed to the disputed invoice terms.  If the Court had considered any one of these key legal and factual issues when it entered Judgment, it would not have awarded KST 18% interest.

Further, reconsideration is appropriate to prevent the manifest injustice that would result from allowing KST to reap a windfall of millions of dollars in interest (plus attorneys' fees) based on its belatedly-produced documents.  While KST contends that it disclosed the basis for its claim of 18% interest during discovery (*see* Dkt. 223, pp. 2-3, n. 2; *see also* Dkt. 201-2), the interrogatory response KST cites does not tell the whole story.  KST initially responded to ES's interrogatory requesting that KST itemize its damages with a vague assertion that it was entitled to interest. *See* Ex. A to the Declaration of Attison L. Barnes, III ("Barnes Decl."). It supplemented its response four times over the next four months, first stating that it was seeking "pre-judgment interest to which it is entitled for each of these invoices as set forth in California Civil Code § 3289(b)"—a reference to California's 10% statutory rate. Barnes Decl. Ex. B[2]; *see also* Ex. C (same assertion). While two of KST's later supplements referenced 18% instead of 10%, KST consistently stated under oath that it was seeking "pre-judgment interest to which it is entitled for each of these invoices as set forth in California Civil Code § 3289(b)."  Barnes Decl. Exs. D & E. These interrogatory responses, setting forth a claimed *statutory* basis for interest, stand in sharp contrast to the post-judgment affidavit by Armando Tan on which KST now relies—alleging <u>for the first time</u> that the 18% interest rate is found on a previously-undisclosed "back page" of an invoice and attaching only a "sample" of such a back page. *See* Dkt. 195-1, ¶ 6 and Ex. 49.  If there was indeed a

---

[2] California Civil Code § 3289(b) states as follows: "If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach."

"back page" as KST now claims, KST's discovery responses misled ES. The misdirection is further compounded by the fact that the invoices actually produced in this matter do not refer to a back page, and by KST's failure to produce the alleged "back pages" in discovery.[3] Even now, when KST produces a "sample" back page, it has not produced a back page actually attached to an invoice.

While KST had ample opportunity during discovery to provide evidence of the alleged 18% interest rate, ES was placed at a significant disadvantage by KST's misdirection and the record simply is not developed on either side. Had KST timely disclosed the alleged "back page" claim during the discovery period, ES would have been able to investigate this claim. KST has offered no explanation for why it failed to produce the alleged back page or why it provided the misleading interrogatory answers. This forced ES into the untenable position of having to attempt, after the close of discovery, to prove a negative on an issue where KST bears the burden of proof. KST should have been forthcoming with this information. It is wholly unjust for KST to benefit from withholding this information. The tardy disclosure was highly prejudicial to ES and the Court should not have relied on it to award KST nearly $1 million in damages.

## II.     ES Satisfied its Obligation to Confer with KST.

As an initial matter, the parties have already briefed the details of their meet-and-confer discussions, after which this Court agreed to schedule the argument for ES's Motion on June 3, 2019. The issue therefore appears moot.

Even if the Court were to revisit the issue, KST's opposition makes clear that its position regarding 18% pre-judgment interest has been set in stone since January

---

[3] Notably, KST also failed to produce any evidence of the alleged 18% interest rate (including the alleged "back pages") in response to ES's request for all documents identified in KST's answers to ES's interrogatories. Barnes Decl. Ex. F.

when the parties first discussed their respective positions. The parties disagreed, and KST proceeded with its request for an award of 18% pre-judgment interest. KST has since refused to respond to ES's multiple invitations to talk, *see* Barnes Decl. ¶ 5, preferring instead to make an argument to this Court that exalts form over substance. Indeed, any response by KST would have reinforced the fact that further conferral would be futile. KST's silence once again makes clear that there was no potential for resolving the issue and no prejudice to KST even if the parties had not spoken before the filing of the motion (which they had, just as they had spoken on this same issue months before).

Since January, counsel have discussed the issue multiple times, and KST's counsel never wavered from the position that KST was going to seek 18% interest. *See* Barnes Decl. ¶ 4 and Ex. G. Indeed, at the March 20 conference, counsel discussed KST's intention to seek attorneys' fees based on the same alleged "back page" argument it relied on as a basis for the 18% rate, and ES's counsel disagreed with KST's contention. *Id.*; *see also* Dkt. 223-1 ¶ 3.

KST devotes multiple pages of its opposition to this issue, but never identifies any prejudice resulting from the alleged failure—nor could it. KST's counsel never indicated before or after ES filed its motion on April 10 that there was any potential of resolving the interest rate issue. And the briefing schedule set by the Court on May 7 allowed KST nearly six weeks for a response. *See* Dkt. 221.[4] KST's opposition belies the notion that additional conferences between the parties' counsel, even if required, could have led to a resolution.

---

[4] *See also Kianpour v. Wells Fargo Bank, N.A.*, 2018 U.S. Dist. LEXIS 7654, *26 (C.D. Cal. January 16, 2018) (granting motion for summary judgment despite plaintiff's allegation that L.R. 7-3 had not been satisfied, and finding that "regardless of whether or not the meet-and-confer was originally conducted, any prejudice to Plaintiff was cured" by a meet and confer later ordered by the court and the grant of additional time to file a statement of genuine disputes).

### III. CONCLUSION

For the reasons set forth above, the Court should reconsider its decision to award KST contractual interest at the rate of 18% and should reduce the amount of pre-judgment interest previously awarded to KST by **$932,728.31.**

DATED: May 27, 2019          By:    /s/Stephen G. Larson
                                    STEPHEN G. LARSON (SBN 145225)
                                    slarson@larsonobrienlaw.com
                                    Larson O'Brien LLP
                                    555 South Flower Street, Suite 4400
                                    Los Angeles, California 90071
                                    Telephone: (213) 436-4888
                                    Facsimile: (213) 623-2000

                                    ATTISON L. BARNES, III (admitted *pro hac vice*)
                                    abarnes@wileyrein.com
                                    WILEY REIN LLP
                                    1776 K Street, NW
                                    Washington, DC 20006
                                    Telephone: (202) 719-7000
                                    Facsimile: (202) 719-7049

                                    BRIAN C. VANDERHOOF (SBN 248511)
                                    Brian.Vanderhoof@leclairryan.com
                                    LECLAIRRYAN LLP
                                    725 S. Figueroa Street, Suite 350
                                    Los Angeles, CA 90017
                                    Telephone: (213) 488-0503
                                    Facsimile: (213) 624-3755

                                    *Attorneys for Defendant Enterprise Services LLC*