STEPHEN G. LARSON (SBN 145225)
  slarson@larsonobrienlaw.com
Larson O'Brien LLP
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

ATTISON L. BARNES, III (admitted *pro hac vice*)
  abarnes@wileyrein.com
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Telephone:  (202) 719-7000
Facsimile:  (202) 719-7049

BRIAN C. VANDERHOOF (SBN 248511)
Brian.Vanderhoof@leclairryan.com
LECLAIRRYAN LLP
725 S. Figueroa Street, Suite 350
Los Angeles, CA 90017
Telephone: (213) 488-0503
Facsimile: (213) 624-3755

Attorneys for Defendant/Counterclaimant
ENTERPRISE SERVICES LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KST DATA, INC., a California Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> DXC TECHNOLOGY COMPANY, a Nevada Corporation; ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company; and DOES 1-10, <br><br> Defendants. <br><br> ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company, <br><br> Counterclaimant, <br><br> vs. <br><br> KST DATA, INC., a California Corporation; ARMANDO TAN, an individual; and MITCHELL EVANS, an individual, <br><br> Counterdefendants. | CASE NO. 2:  17-cv-07927 SJO (SK) <br><br> Judge: S. James Otero <br> Magistrate Judge: Steve Kim <br><br> **DECLARATION OF ATTISON L. BARNES, III IN SUPPORT OF DEFENDANT ENTERPRISE SERVICES LLC'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF COURT'S MARCH 13 AWARD OF PRE-JUDGMENT INTEREST** <br><br> [Defendant Enterprise Services LLC's Reply ISO filed concurrently herewith] |

I, Attison L. Barnes, III, declare as follows:

1.     I am an attorney licensed to practice law in the District of Columbia and Virginia. I am a partner at the law firm of Wiley Rein LLP, and am lead counsel for Defendant/Counterclaimant Enterprise Services LLC ("ES") in the above-captioned action. I have personal knowledge of the facts set forth in this Declaration, and could and would competently testify to those facts if called upon to do so.

2.     I submit this Declaration in support of defendant ES's Opposition to KST Data Inc's ("KST") Motion for Attorneys' Fees and Defendant's Request for Reconsideration of Court's March 13 Award of Pre-Judgment Interest.

3.     I am a member of good standing with the Virginia and the District of Columbia Bars, and I am admitted to practice before this Court *pro hac vice*.

4.     I have participated in multiple conferences with counsel for KST since January 2019 in which counsel discussed the issue of KST's request for 18% pre-judgment interest rate.  Attached hereto as Exhibit G is a true and correct copy of my late January 2019 email exchange with KST's counsel Ms. Van Dyk, documenting the parties' positions regarding KST's claim. From that time, KST's counsel never wavered from the position that KST was going to seek 18% interest. As described in my Declaration in Support of ES's Opposition to KST's Motion for Attorneys' Fees and Request for Reconsideration of the Court's March 13 Award of Pre-judgment Interest (Dkt. 213 ¶ 4), counsel for the parties discussed this issue during a March 20, 2019 conference regarding KST's intention to file a motion for attorneys' fees based on the same alleged "back page" argument it relied on as a basis for the 18% interest rate.

5.     In addition to addressing ES's motion for reconsideration of the pre-judgment interest in a telephone conference with Ms. Bowman on April 10, I invited KST's counsel to engage in discussion of the issue on multiple occasions. *See, e.g.* Dkt. 223-2, p. 2 ("I have a standing invitation to you if you would like to talk . . . If your purpose truly was to have a further discussion to see if this could be resolved, I

don't see why you would be avoiding a call."); p. 3 ("If your position has changed, please let me know and we can enter into a stipulation."); p. 4 ("I remain available to discuss the issue again should you wish to do so. Please let me know."). KST's counsel did not respond to my standing invitation to talk.

6.      Attached hereto as Exhibit A is a true and correct copy of excerpts from KST's Objections and Responses to ES's First Set of Interrogatories, dated June 28, 2018.

7.      Attached hereto as Exhibit B is a true and correct copy of excerpts from KST's Supplemental Objections and Responses to ES's First Set of Interrogatories, dated July 13, 2018.

8.      Attached hereto as Exhibit C is a true and correct copy of excerpts from KST's Second Supplemental Objections and Responses to ES's First Set of Interrogatories, dated September 7, 2018.

9.      Attached hereto as Exhibit D is a true and correct copy of excerpts from KST's Third Supplemental Objections and Responses to ES's First Set of Interrogatories, dated October 2, 2018.

10.      Attached hereto as Exhibit E is a true and correct copy of excerpts from KST's Fourth Supplemental Objections and Responses to ES's First Set of Interrogatories, dated October 19, 2018.

11.      Attached hereto as Exhibit F is a true and correct copy of excerpts from ES's First Set of Requests for Documents, dated May 25, 2018.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct. Executed this 27th day of May, 2019, in Washington, D.C.

By: */s/Attison L. Barnes, III*
ATTISON L. BARNES, III

---

3

CASE NO. 2:17-cv-07927 SJO (SK)

DECLARATION OF ATTISON L. BARNES, III IN SUPPORT OF DEFENDANT ENTERPRISE SERVICES LLC'S REPLY RE ITS MOTION FOR RECONSIDERATION OF COURT'S MARCH 13 AWARD OF PRE-JUDGMENT INTEREST

Exhibit A

1  Gary S. Lincenberg - State Bar No. 123058
     glincenberg@birdmarella.com
2  Nicole R. Van Dyk - State Bar No. 261646
     nvandyk@birdmarella.com
3  Ashley D. Bowman - State Bar No. 286099
     abowman@birdmarella.com
4  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
5  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
6  Telephone: (310) 201-2100
   Facsimile:  (310) 201-2110
7
   Attorneys for Plaintiff and Counterdefendant
8  KST Data, Inc.

9              **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12  KST DATA, INC., a California
    Corporation,                          CASE NO. 2:17-cv-07927 SJO (SKx)

13            Plaintiff,                   **PLAINTIFF AND COUNTER-
                                           DEFENDANT KST DATA, INC.'S
14       vs.                               RESPONSES AND OBJECTIONS
                                           TO ENTERPRISE SERVICES
15  DXC TECHNOLOGY COMPANY, a              LLC'S FIRST SET OF
    Nevada Corporation; ENTERPRISE         INTERROGATORIES**
16  SERVICES LLC; a Delaware Limited
    Liability Company; and DOES 1-10,      Assigned to Hon. S. James Otero
17            Defendants.

18  ENTERPRISE SERVICES LLC, a
    Delaware Limited Liability Company,
19
              Counterclaimant,
20
         vs.
21
    KST DATA, INC., a California
    Corporation,
22
              Counterdefendant.

23

24

25

26

27

28

3505570.1

PROPOUNDING PARTY:  DEFENDANT AND COUNTER-CLAIMANT

ENTERPRISE SERVICES LLC

RESPONDING PARTY:    PLAINTIFF AND COUNTER-DEFENDANT

KST DATA, INC.

SET NO.:                         ONE

Pursuant to Federal Rule of Civil Procedure 33, the Local Rules of this Court, and the Court's Standing Order, Plaintiff and Counter-Defendant KST Data, Inc. ("KST" or "Plaintiff") hereby objects and responds to Defendant and Counter-Claimant Enterprise Services LLC's ("ES" or "Defendant") First Set of Interrogatories (the "Interrogatories") as follows:

### PRELIMINARY STATEMENT

A.     These responses are made solely for the purposes of this action.  Each response is subject to all appropriate objections, including, but not limited to, objections to confidentiality, relevance, propriety and admissibility.  All such objections and grounds are reserved and may be interposed at the time of deposition and/or trial.

B.     Nothing contained herein is intended as, or shall in any way be deemed, a waiver of the attorney/client privilege, the attorney work product doctrine, the common interest and/or joint defense privilege, the right of privacy, and/or any other applicable privilege or doctrine.

C.     Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet reviewed all documents relating to this action. Consequently, Plaintiff reserves the right, without assuming any obligation, to supplement its responses.

D.     Except for matters explicitly admitted, no admissions of any nature whatsoever are implied or should be inferred.  The fact that any Interrogatory has been answered should not be taken as an admission or acceptance of the existence of any facts set forth or assumed by such Interrogatory, or that such answer constitutes

**INTERROGATORY NO. 4:**

Separately itemize all damages KST seeks in the sole remaining count of the SAC (Count I for Breach of Contract).

**RESPONSE TO INTERROGATORY NO. 4:**

KST repeats and incorporates by reference each of its General Objections. KST further objects to this Interrogatory on the grounds that it is unduly burdensome and compound as drafted.  Subject to, and without waiving these objections, KST responds as follows:  KST is seeking damages in connection with ES's non-payment of the invoices listed in paragraph 26 of its Second Amended Complaint, as well as other damages or losses associated with those purchase orders and other work performed by KST in support of the NASA ACES Contract, and interest on those unpaid sums.

KST further responds that discovery in this matter has only recently begun, and the total amount of damages to which KST is entitled is not yet known; therefore KST reserves the right to modify this response as more information becomes available to it.

**INTERROGATORY NO. 5:**

Describe any and all actions KST has taken to mitigate the damages itemized in response to the prior interrogatory, and in your answer, identify the person(s) with knowledge of such circumstances and the Bates numbers (from KST's document production(s)) of all documents reflecting such circumstances.

**RESPONSE TO INTERROGATORY NO. 5:**

KST repeats and incorporates by reference each of its General Objections. KST further objects to this Interrogatory on the grounds that it is unduly burdensome, oppressive, and compound as drafted, and that it calls for a legal conclusion.  Subject to, and without waiving these objections, KST responds that discovery in this matter has only recently begun, and therefore KST reserves the right to modify this response as more information becomes available to it.

1 this response as more information becomes available to it.

2 **INTERROGATORY NO. 23:**

3     Identify all facts and circumstances upon which you base your affirmative

4 defense of unclean hands.

5 **RESPONSE TO INTERROGATORY NO. 23:**

6     KST repeats and incorporates by reference each of its General Objections.

7 Subject to, and without waiving these objections, KST responds that discovery in

8 this matter has only recently begun, and therefore KST reserves the right to modify

9 this response as more information becomes available to it.

10

11 DATED:  June 28, 2018         Gary S. Lincenberg
                                 Nicole R. Van Dyk
12                               Ashley D. Bowman
                                 Bird, Marella, Boxer, Wolpert, Nessim,
13                               Drooks, Lincenberg & Rhow, P.C.

14

15                          By:      /s/ Ashley D. Bowman
                                 _____
16                                   Ashley D. Bowman
                                 Attorneys for Plaintiff and
17                               Counterdefendant KST Data, Inc.

18

19

20

21

22

23

24

25

26

27

28

19

Exhibit B

1 | Gary S. Lincenberg - State Bar No. 123058
glincenberg@birdmarella.com
2 | Nicole R. Van Dyk - State Bar No. 261646
nvandyk@birdmarella.com
3 | Ashley D. Bowman - State Bar No. 286099
abowman@birdmarella.com
4 | BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
5 | 1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
6 | Telephone: (310) 201-2100
Facsimile: (310) 201-2110
7 |
Attorneys for Plaintiff and Counterdefendant
8 | KST Data, Inc.

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11 |

| | |
|---|---|
| 12 | KST DATA, INC., a California Corporation, | CASE NO. 2:17-cv-07927 SJO (SKx) |
| 13 | Plaintiff, | **PLAINTIFF AND COUNTER-DEFENDANT KST DATA, INC.'S** |
| 14 | vs. | **SUPPLEMENTAL RESPONSES AND OBJECTIONS TO** |
| 15 | DXC TECHNOLOGY COMPANY, a Nevada Corporation; ENTERPRISE | **ENTERPRISE SERVICES LLC'S FIRST SET OF** |
| 16 | SERVICES LLC, a Delaware Limited Liability Company; and DOES 1-10, | **INTERROGATORIES** |
| 17 | Defendants. | Assigned to Hon. S. James Otero |
| 18 | ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company, | |
| 19 | Counterclaimant, | |
| 20 | vs. | |
| 21 | KST DATA, INC., a California Corporation, | |
| 22 | Counterdefendant. | |

23

24

25

26

27

28

1  PROPOUNDING PARTY:  DEFENDANT AND COUNTER-CLAIMANT
2                      ENTERPRISE SERVICES LLC
3  RESPONDING PARTY:   PLAINTIFF AND COUNTER-DEFENDANT
4                      KST DATA, INC.
5  SET NO.:            ONE

6      Pursuant to Federal Rule of Civil Procedure 33, the Local Rules of this Court,
7  and the Court's Standing Order, Plaintiff and Counter-Defendant KST Data, Inc.
8  ("KST" or "Plaintiff") hereby objects and responds to Defendant and Counter-
9  Claimant Enterprise Services LLC's ("ES" or "Defendant") First Set of
10 Interrogatories (the "Interrogatories") as follows:

11                    **PRELIMINARY STATEMENT**

12     A.     These responses are made solely for the purposes of this action. Each
13 response is subject to all appropriate objections, including, but not limited to,
14 objections to confidentiality, relevance, propriety and admissibility. All such
15 objections and grounds are reserved and may be interposed at the time of deposition
16 and/or trial.

17     B.     Nothing contained herein is intended as, or shall in any way be deemed,
18 a waiver of the attorney/client privilege, the attorney work product doctrine, the
19 common interest and/or joint defense privilege, the right of privacy, and/or any other
20 applicable privilege or doctrine.

21     C.     Plaintiff has not yet completed its investigation of the facts relating to
22 this action and has not yet reviewed all documents relating to this action.
23 Consequently, Plaintiff reserves the right, without assuming any obligation, to
24 supplement its responses.

25     D.     Except for matters explicitly admitted, no admissions of any nature
26 whatsoever are implied or should be inferred. The fact that any Interrogatory has
27 been answered should not be taken as an admission or acceptance of the existence of
28 any facts set forth or assumed by such Interrogatory, or that such answer constitutes

1 │ any information or documents identified herein.  The identification of any

2 │ information or documents does not constitute an admission by KST that such

3 │ information or documents are relevant or admissible at trial.

4 │       10.    KST objects to the Interrogatories, and to each and every Interrogatory

5 │ therein, to the extent they seek conclusions of law and/or a conclusion as to ultimate

6 │ issues in the case.

7 │       11.    To the extent any of the Interrogatories seek expert information and/or

8 │ opinion, including but not limited to survey information, KST objects to any such

9 │ Interrogatory as premature and expressly reserves the right to supplement, clarify,

10 │ revise, or correct any or all responses to such Interrogatory, and to assert additional

11 │ objections or privileges, in one or more subsequent supplemental response(s) in

12 │ accordance with the time period for exchanging expert reports set by the Court.

13 │       12.    KST objects to the Interrogatories on the grounds, and to the extent,

14 │ that they contain express or implied assumptions of fact or law with respect to

15 │ matters at issue in this case.  KST's responses to the Interrogatories are not intended

16 │ to be, and shall not be construed as, an agreement or concurrence by KST with

17 │ Defendant's characterization of any facts, circumstances, and/or legal obligations,

18 │ and KST expressly reserves the right to contest any such characterizations.

19 │       13.    KST incorporates by reference every General Objection set forth above

20 │ into each specific response set forth below.  A specific response may repeat a

21 │ General Objection for emphasis or some other reason.  The failure to include any

22 │ General Objection in any specific response does not waive any General Objection to

23 │ that Interrogatory.  Moreover, KST does not waive its right to amend its responses.

24 │ **SUPPLEMENTAL INTERROGATORIES**

25 │ **INTERROGATORY NO. 4:**

26 │       Separately itemize all damages KST seeks in the sole remaining count of the

27 │ SAC (Count I for Breach of Contract).

28 │

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

KST repeats and incorporates by reference each of its General Objections. KST further objects to this Interrogatory on the grounds that it is unduly burdensome and compound as drafted. Subject to, and without waiving these objections, KST responds as follows: KST is seeking damages in connection with ES's non-payment of the invoices listed in paragraph 26 of its Second Amended Complaint and listed below, as well as pre-judgment interest to which it is entitled for each of these invoices as set forth in California Civil Code § 3289(b).

| Date | Invoice | Purchase Order | Amount Due |
|------|---------|----------------|------------|
| 1/12/2015 | 947702 | 8900004651 | $3,978.84 |
| 6/29/2015 | 961501 | 8900004651 | $4,472.00 |
| 7/24/2015 | 963695 | 8900004651 | $4,472.00 |
| 9/4/2014 | 967231 | 8900010028 | $27,766.00 |
| 1/7/2015 | 947405 | 8900010028 | $19,823.00 |
| 6/2/2015 | 959061 | 8900010028 | $27,420.00 |
| 7/2/2015 | 961945 | 8900010028 | $30,248.00 |
| 8/3/2015 | 964399 | 8900010028 | $26,103.00 |
| 12/30/2014 | 947102 | 8900013696-10 | $72,422.11 |
| 1/14/2015 | 948018 | 8900013696-10 | $477,895.53 |
| 1/29/2015 | 949149 | 8900013696-10 | $333,348.26 |
| 5/29/2015 | 958843 | 8900013696-10 | $19,872.00 |
| 9/4/2015 | 967321 | 8900013696-10 | $8,710.00 |
| 5/29/2015 | 958816 | 8900013696-20 | $277,189.16 |
| 6/30/2015 | 961677 | 8900013696-20 | $385,979.66 |
| 7/31/2015 | 964178 | 8900013696-20 | $329,582.25 |
| 8/13/2015 | 965331 | 8900013696-20 | $217,339.98 |
| 8/27/2015 | 966682 | 8900013696-20 | $422,618.97 |
| 9/15/2015 | 967830 | 8900013696-20 | $206,842.27 |
| 11/30/2015 | 972366 | 8900013696-20 | $5,321.95 |

| Date | Invoice | Purchase Order | Amount Due |
|------|---------|----------------|------------|
| 1/15/2015 | 948053 | 8900013945-40 | $6,410.54 |
| 5/29/2015 | 958818 | 8900013945-60 | $7,251.82 |
| 6/15/2015 | 960260 | 8900013945-60 | $7,243.61 |
| 6/30/2015 | 961687 | 8900013945-60 | $7,251.82 |
| 7/31/2015 | 964179 | 8900013945-60 | $3,631.79 |
| 8/13/2015 | 965336 | 8900013945-60 | $160.03 |
| 8/13/2015 | 965334 | 8900013945-70 | $8,814.91 |
| 9/15/2015 | 967832 | 8900013945-70 | $9,179.40 |
| 8/31/2015 | 966685 | 8900018725-10 | $5,738.00 |
| 10/15/2015 | 971269 | 8900018725-20 | $29,719.75 |
| 11/30/2015 | 972367 | 8900018725-20 | $480.00 |
| 12/1/2015 | 969186 | 8900022849 | $446.55 |
| 2/16/2016 | 974790 | 7000080523 | $4,570.86 |
| 8/1/2016 | 979961 | 7000091958 | $26,396.44 |
| 11/16/2015 | 971894 | 8900000793 | $7,350.25 |
| 1/5/2016 | 973375 | 8900000793 | $13,418.72 |
| 12/22/2014 | 946690 | 7000051178 | $42,120.00 |
| 12/30/2014 | 946969 | 8900013945-40 | --- |
| 1/30/2015 | 949174 | 8900009815-30 | --- |
| 10/20/2015 | 969081-DB | 8900013696-20 | $60,219.30 |

KST further responds that discovery in this matter has only recently begun, and the total amount of damages to which KST is entitled—which may include other damages or losses associated with the above-referenced purchase orders and other work performed by KST in support of the NASA ACES Contract, and interest on those unpaid sums—is not yet known and may be the subject of expert discovery. Therefore KST reserves the right to modify this response as more information becomes available to it.

1 | provide a list of appointed printer owners for each printer.  Mr. Bertoli provided
2 | detailed responses, explaining that "the current process that has been established is
3 | pretty much in line with the SOW between HP and KST for Supplies Replenishment
4 | today."  Neither Mr. Pearson nor Mr. Bertoli mentioned DME.

5 | On July 30, 2013, HP directed KST to bill against PO224, which was issued
6 | to DME.  In November 2013, HP directed KST to use a new DME PO to bill for
7 | "KST Print Services" in support of "main print."

8 | KST further responds that discovery in this matter has only recently begun,
9 | and therefore KST reserves the right to modify this response as more information
10 | becomes available to it.

11 |

12 | DATED:  July 13, 2018                    Gary S. Lincenberg
                                          Nicole R. Van Dyk
13 |                                          Ashley D. Bowman
                                          Bird, Marella, Boxer, Wolpert, Nessim,
14 |                                          Drooks. Lincenberg & Rhow. P.C.

15 |

16 |                                By:      /s/ Ashley D. Bowman
17 |                                          Ashley D. Bowman
                                          Attorneys for Plaintiff and
18 |                                          Counterdefendant KST Data. Inc.

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

3509045.1                              43

KST'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ES'S FIRST SET OF INTERROGATORIES

Exhibit C

1 | Gary S. Lincenberg - State Bar No. 123058
glincenberg@birdmarella.com
2 | Nicole R. Van Dyk - State Bar No. 261646
nvandyk@birdmarella.com
3 | Ashley D. Bowman - State Bar No. 286099
abowman@birdmarella.com
4 | BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
5 | 1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
6 | Telephone: (310) 201-2100
Facsimile: (310) 201-2110

7

Attorneys for Plaintiff and Counterdefendant
8 | KST Data, Inc.

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12 | KST DATA, INC., a California
Corporation,

CASE NO. 2:17-cv-07927 SJO (SKx)

13 |          Plaintiff,

**PLAINTIFF AND COUNTER-
DEFENDANT KST DATA, INC.'S
SECOND SUPPLEMENTAL
RESPONSES AND OBJECTIONS
TO ENTERPRISE SERVICES
LLC'S FIRST SET OF
INTERROGATORIES**

14 |      vs.

15 | DXC TECHNOLOGY COMPANY, a
Nevada Corporation; ENTERPRISE
SERVICES LLC, a Delaware Limited
16 | Liability Company; and DOES 1-10,

17 |          Defendants.

Assigned to Hon. S. James Otero

18 | ENTERPRISE SERVICES LLC, a
Delaware Limited Liability Company,

19 |          Counterclaimant,

20 |      vs.

21 | KST DATA, INC., a California
Corporation,

22 |          Counterdefendant.

23

24

25

26

27

28

3519800.4

PROPOUNDING PARTY: DEFENDANT AND COUNTER-CLAIMANT
ENTERPRISE SERVICES LLC

RESPONDING PARTY: PLAINTIFF AND COUNTER-DEFENDANT
KST DATA, INC.

SET NO.: ONE

Pursuant to Federal Rule of Civil Procedure 33, the Local Rules of this Court, and the Court's Standing Order, Plaintiff and Counter-Defendant KST Data, Inc. ("KST" or "Plaintiff") hereby objects and responds to Defendant and Counter-Claimant Enterprise Services LLC's ("ES" or "Defendant") First Set of Interrogatories (the "Interrogatories") as follows:

## **PRELIMINARY STATEMENT**

A.     These responses are made solely for the purposes of this action. Each response is subject to all appropriate objections, including, but not limited to, objections to confidentiality, relevance, propriety and admissibility. All such objections and grounds are reserved and may be interposed at the time of deposition and/or trial.

B.     Nothing contained herein is intended as, or shall in any way be deemed, a waiver of the attorney/client privilege, the attorney work product doctrine, the common interest and/or joint defense privilege, the right of privacy, and/or any other applicable privilege or doctrine.

C.     Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet reviewed all documents relating to this action. Consequently, Plaintiff reserves the right, without assuming any obligation, to supplement its responses.

D.     Except for matters explicitly admitted, no admissions of any nature whatsoever are implied or should be inferred. The fact that any Interrogatory has been answered should not be taken as an admission or acceptance of the existence of any facts set forth or assumed by such Interrogatory, or that such answer constitutes

| Individual | Subject Matter |
|------------|----------------|
| NASA | work performed by KST and DME as subcontractors to ES under the NASA ACES Contract. |

## INTERROGATORY NO. 3:

Identify any and all oral, written, or recorded statements obtained by you or on your behalf from any individual in connection with any of the allegations or defenses in this case. For each statement indicate the name, address, and occupation of the person who made the statement; the name, address, and occupation of the person who obtained the statement; the date the statement was obtained; whether the statement is oral or written; if written, state the name and address of the person who has custody of the statement; if oral, state the substance of the statement; and if recorded, state the date and substance of the recording.

## RESPONSE TO INTERROGATORY NO. 3:

KST repeats and incorporates by reference each of its General Objections. KST further objects to this Interrogatory on the ground that it is vague as to "in connection with any of the allegations or defenses in this case." KST also objects to this Interrogatory on the basis that it calls for information protected by the attorney-client privilege and attorney work product doctrine. Subject to, and without waiving these objections, KST supplements its response as follows: KST has not obtained any statements responsive to this Interrogatory. KST further responds that discovery in this matter is ongoing, and therefore KST reserves the right to modify this response as more information becomes available to it.

## INTERROGATORY NO. 4:

Separately itemize all damages KST seeks in the sole remaining count of the SAC (Count I for Breach of Contract).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

KST repeats and incorporates by reference each of its General Objections. KST further objects to this Interrogatory on the grounds that it is unduly burdensome and compound as drafted.  Subject to, and without waiving these objections, KST supplements its response as follows:  KST is seeking damages in connection with ES's non-payment of the invoices listed in paragraph 26 of its Second Amended Complaint, as well as pre-judgment interest to which it is entitled for each of these invoices as set forth in California Civil Code § 3289(b).  KST believes that the total amount of damages owed for these withheld payments is $3,227,415.62 plus statutory interest of 18% per annum.

| Date | Invoice | Purchase Order | Amount Due |
|---|---|---|---|
| 1/12/2015 | 947702 | 8900004651 | $3.978.84 |
| 6/29/2015 | 961501 | 8900004651 | $4.472.00 |
| 7/24/2015 | 963695 | 8900004651 | $4.472.00 |
| 9/4/2014 | 967231 | 8900010028 | $27.766.00 |
| 1/7/2015 | 947405 | 8900010028 | $19.823.00 |
| 6/2/2015 | 959061 | 8900010028 | $27.420.00 |
| 7/2/2015 | 961945 | 8900010028 | $30.248.00 |
| 8/3/2015 | 964399 | 8900010028 | $26.103.00 |
| 12/30/2014 | 947102 | 8900013696-10 | $72.422.11 |
| 1/14/2015 | 948018 | 8900013696-10 | $477.895.53 |
| 1/29/2015 | 949149 | 8900013696-10 | $333.348.26 |
| 5/29/2015 | 958843 | 8900013696-10 | $19.872.00 |
| 9/4/2015 | 967321 | 8900013696-10 | $8.710.00 |
| 5/29/2015 | 958816 | 8900013696-20 | $277.189.16 |
| 6/30/2015 | 961677 | 8900013696-20 | $385.979.66 |
| 7/31/2015 | 964178 | 8900013696-20 | $329.582.25 |
| 8/13/2015 | 965331 | 8900013696-20 | $217.339.98 |
| 8/27/2015 | 966682 | 8900013696-20 | $422.618.97 |

1    Administrative Agreement, effective November 20, 2015 and June 22, 2017,

2    respectively, will also be produced forthwith.

3        Persons with knowledge of this suspension include Armando Tan, Jeff

4    Bertoli, Mark Edson, Randy McShane, Stephanie Lupo, Joanne Mosig, Steve Vetter,

5    Deborah Gardiner, Claude Imagna, David Debruhl, Robert Pearson, Brandon

6    Frankens, Frances Gilpin, Ashleigh Seitz, Doug Harris, Rob Lacios, Marcus

7    Richardson, Larry Johnson, Mark Fuerst, David Chambers, and Marilyn Crouther.

8        KST further responds that discovery in this matter is ongoing, and therefore

9    KST reserves the right to modify this response as more information becomes

10   available to it.

11

12   DATED:  September 7, 2018        Gary S. Lincenberg
                                      Nicole R. Van Dyk
13                                    Ashley D. Bowman
                                      Bird, Marella, Boxer, Wolpert, Nessim,
14                                    Drooks. Lincenberg & Rhow. P.C.

15

16                                    By:  _____/s/ Ashley D. Bowman_____

17                                          Ashley D. Bowman
                                      Attorneys for Plaintiff and
18                                    Counterdefendant KST Data. Inc.

19

20

21

22

23

24

25

26

27

28

3519800.4                               17
KST'S SECOND SUPPLEMENTAL RESPONSES TO ES'S FIRST SET OF INTERROGATORIES

Exhibit D

1  Gary S. Lincenberg - State Bar No. 123058
     glincenberg@birdmarella.com
2  Nicole R. Van Dyk - State Bar No. 261646
     nvandyk@birdmarella.com
3  Ashley D. Bowman - State Bar No. 286099
     abowman@birdmarella.com
4  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
5  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
6  Telephone: (310) 201-2100
   Facsimile: (310) 201-2110
7
   Attorneys for Plaintiff and Counterdefendant
8  KST Data, Inc.

9              **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

| 12  KST DATA, INC., a California Corporation, | CASE NO. 2:17-cv-07927 SJO (SKx) |
|---|---|
| 13              Plaintiff, | **PLAINTIFF AND COUNTER-DEFENDANT KST DATA, INC.'S THIRD SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ENTERPRISE SERVICES LLC'S FIRST SET OF INTERROGATORIES** |
| 14       vs. | |
| 15  DXC TECHNOLOGY COMPANY, a Nevada Corporation; ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company; and DOES 1-10, | |
| 16 | |
| 17              Defendants. | Assigned to Hon. S. James Otero |
| 18  ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company, | |
| 19              Counterclaimant, | |
| 20       vs. | |
| 21  KST DATA, INC., a California Corporation, | |
| 22              Counterdefendant. | |

23

24

25

26

27

28

3523466.4

1 | PROPOUNDING PARTY:   DEFENDANT AND COUNTER-CLAIMANT
2 | ENTERPRISE SERVICES LLC
3 | RESPONDING PARTY:   PLAINTIFF AND COUNTER-DEFENDANT
4 | KST DATA, INC.
5 | SET NO.:                        ONE

6  Pursuant to Federal Rule of Civil Procedure 33, the Local Rules of this Court,
7 and the Court's Standing Order, Plaintiff and Counter-Defendant KST Data, Inc.
8 ("KST" or "Plaintiff") hereby objects and responds to Defendant and Counter-
9 Claimant Enterprise Services LLC's ("ES" or "Defendant") First Set of
10 Interrogatories (the "Interrogatories") as follows:

## PRELIMINARY STATEMENT

12   A.   These responses are made solely for the purposes of this action. Each
13 response is subject to all appropriate objections, including, but not limited to,
14 objections to confidentiality, relevance, propriety and admissibility. All such
15 objections and grounds are reserved and may be interposed at the time of deposition
16 and/or trial.

17   B.   Nothing contained herein is intended as, or shall in any way be deemed,
18 a waiver of the attorney/client privilege, the attorney work product doctrine, the
19 common interest and/or joint defense privilege, the right of privacy, and/or any other
20 applicable privilege or doctrine.

21   C.   Plaintiff has not yet completed its investigation of the facts relating to
22 this action and has not yet reviewed all documents relating to this action.
23 Consequently, Plaintiff reserves the right, without assuming any obligation, to
24 supplement its responses.

25   D.   Except for matters explicitly admitted, no admissions of any nature
26 whatsoever are implied or should be inferred. The fact that any Interrogatory has
27 been answered should not be taken as an admission or acceptance of the existence of
28 any facts set forth or assumed by such Interrogatory, or that such answer constitutes

1   any information or documents identified herein.  The identification of any

2   information or documents does not constitute an admission by KST that such

3   information or documents are relevant or admissible at trial.

4        10.    KST objects to the Interrogatories, and to each and every Interrogatory

5   therein, to the extent they seek conclusions of law and/or a conclusion as to ultimate

6   issues in the case.

7        11.    To the extent any of the Interrogatories seek expert information and/or

8   opinion, including but not limited to survey information, KST objects to any such

9   Interrogatory as premature and expressly reserves the right to supplement, clarify,

10  revise, or correct any or all responses to such Interrogatory, and to assert additional

11  objections or privileges, in one or more subsequent supplemental response(s) in

12  accordance with the time period for exchanging expert reports set by the Court.

13       12.    KST objects to the Interrogatories on the grounds, and to the extent,

14  that they contain express or implied assumptions of fact or law with respect to

15  matters at issue in this case.  KST's responses to the Interrogatories are not intended

16  to be, and shall not be construed as, an agreement or concurrence by KST with

17  Defendant's characterization of any facts, circumstances, and/or legal obligations,

18  and KST expressly reserves the right to contest any such characterizations.

19       13.    KST incorporates by reference every General Objection set forth above

20  into each specific response set forth below.  A specific response may repeat a

21  General Objection for emphasis or some other reason.  The failure to include any

22  General Objection in any specific response does not waive any General Objection to

23  that Interrogatory.  Moreover, KST does not waive its right to amend its responses.

24

25                    **RESPONSES TO INTERROGATORIES**

26  **INTERROGATORY NO. 4:**

27       Separately itemize all damages KST seeks in the sole remaining count of the

28  SAC (Count I for Breach of Contract).

**RESPONSE TO INTERROGATORY NO. 4:**

KST repeats and incorporates by reference each of its General Objections. KST further objects to this Interrogatory on the grounds that it is unduly burdensome and compound as drafted. Subject to, and without waiving these objections, KST supplements its response as follows: KST is seeking damages consisting of payment of the unpaid invoices listed below and in paragraph 26 of its Second Amended Complaint, as well as pre-judgment interest to which it is entitled for each of these invoices as set forth in California Civil Code § 3289(b). KST believes that the total amount of damages owed for these withheld payments is $3,227,415.62 plus contractual interest of 18% per annum as set forth in KST's invoices.

| Date | Invoice | Purchase Order | Amount Due |
|------|---------|---------------|-----------|
| 1/12/2015 | 947702 | 8900004651 | $3,978.84 |
| 6/29/2015 | 961501 | 8900004651 | $4,472.00 |
| 7/24/2015 | 963695 | 8900004651 | $4,472.00 |
| 9/4/2014 | 967231 | 8900010028 | $27,766.00 |
| 1/7/2015 | 947405 | 8900010028 | $19,823.00 |
| 6/2/2015 | 959061 | 8900010028 | $27,420.00 |
| 7/2/2015 | 961945 | 8900010028 | $30,248.00 |
| 8/3/2015 | 964399 | 8900010028 | $26,103.00 |
| 12/30/2014 | 947102 | 8900013696-10 | $72,422.11 |
| 1/14/2015 | 948018 | 8900013696-10 | $477,895.53 |
| 1/29/2015 | 949149 | 8900013696-10 | $333,348.26 |
| 5/29/2015 | 958843 | 8900013696-10 | $19,872.00 |
| 9/4/2015 | 967321 | 8900013696-10 | $8,710.00 |
| 5/29/2015 | 958816 | 8900013696-20 | $277,189.16 |
| 6/30/2015 | 961677 | 8900013696-20 | $385,979.66 |
| 7/31/2015 | 964178 | 8900013696-20 | $329,582.25 |
| 8/13/2015 | 965331 | 8900013696-20 | $217,339.98 |

| Date | Invoice | Purchase Order | Amount Due |
|---|---|---|---|
| 8/27/2015 | 966682 | 8900013696-20 | $422,618.97 |
| 9/15/2015 | 967830 | 8900013696-20 | $206,842.27 |
| 11/30/2015 | 972366 | 8900013696-20 | $5,321.95 |
| 1/15/2015 | 948053 | 8900013945-40 | $6,410.54 |
| 5/29/2015 | 958818 | 8900013945-60 | $7,251.82 |
| 6/15/2015 | 960260 | 8900013945-60 | $7,243.61 |
| 6/30/2015 | 961687 | 8900013945-60 | $7,251.82 |
| 7/31/2015 | 964179 | 8900013945-60 | $3,631.79 |
| 8/13/2015 | 965336 | 8900013945-60 | $160.03 |
| 8/13/2015 | 965334 | 8900013945-70 | $8,814.91 |
| 9/15/2015 | 967832 | 8900013945-70 | $9,179.40 |
| 8/31/2015 | 966685 | 8900018725-10 | $5,738.00 |
| 10/15/2015 | 971269 | 8900018725-20 | $29,719.75 |
| 11/30/2015 | 972367 | 8900018725-20 | $480.00 |
| 12/1/2015 | 969186 | 8900022849 | $446.55 |
| 2/16/2016 | 974790 | 7000080523 | $4,570.86 |
| 8/1/2016 | 979961 | 7000091958 | $26,396.44 |
| 11/16/2015 | 971894 | 8900000793 | $7,350.25 |
| 1/5/2016 | 973375 | 8900000793 | $13,418.72 |
| 12/22/2014 | 946690 | 7000051178 | $42,120.00 |
| 12/30/2014 | 946969 | 8900013945-40 | --- |
| 1/30/2015 | 949174 | 8900009815-30 | --- |
| 10/20/2015 | 969081-DB | 8900013696-20 | $60,219.30 |

KST further responds that discovery in this matter is not complete, and the total amount of damages to which KST is entitled—which may include other damages or losses from unpaid or withheld sums, plus interest on those sums—is not yet known and may be the subject of expert discovery. Therefore KST reserves the right to modify this response as more information becomes available to it.

1 DATED: October 2, 2018     Gary S. Lincenberg
    Nicole R. Van Dyk
2     Ashley D. Bowman
    Bird, Marella, Boxer, Wolpert, Nessim,
3     Drooks. Lincenberg & Rhow. P.C.

4

5     By: _____ /s/ Ashley D. Bowman

6                 Ashley D. Bowman
          Attorneys for Plaintiff and
7           Counterdefendant KST Data. Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3523466.4                 14

KST'S 3rd SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ES'S FIRST SET OF INTERROGATORIES

Exhibit E

1  Gary S. Lincenberg - State Bar No. 123058
       glincenberg@birdmarella.com
2  Nicole R. Van Dyk - State Bar No. 261646
       nvandyk@birdmarella.com
3  Ashley D. Bowman - State Bar No. 286099
       abowman@birdmarella.com
4  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
   DROOKS, LINCENBERG & RHOW, P.C.
5  1875 Century Park East, 23rd Floor
   Los Angeles, California 90067-2561
6  Telephone: (310) 201-2100
   Facsimile:  (310) 201-2110

7
   Attorneys for Plaintiff and Counterdefendant
8  KST Data, Inc.

9              **UNITED STATES DISTRICT COURT**

10    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

11

12  KST DATA, INC., a California          CASE NO. 2:17-cv-07927 SJO (SKx)
    Corporation,
13                                        **PLAINTIFF AND COUNTER-**
               Plaintiff,                 **DEFENDANT KST DATA, INC.'S**
14                                        **FOURTH SUPPLEMENTAL**
        vs.                               **RESPONSES AND OBJECTIONS**
15  DXC TECHNOLOGY COMPANY, a             **TO ENTERPRISE SERVICES**
    Nevada Corporation; ENTERPRISE        **LLC'S FIRST SET OF**
16  SERVICES LLC, a Delaware Limited      **INTERROGATORIES**
    Liability Company; and DOES 1-10,
17             Defendants.                Assigned to Hon. S. James Otero

18  ENTERPRISE SERVICES LLC, a
    Delaware Limited Liability Company,
19
               Counterclaimant,
20
        vs.
21  KST DATA, INC., a California
    Corporation,
22             Counterdefendant.

23

24

25

26

27

28

3528521.1
KST'S FOURTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ES' 1ST SET OF INTERROGATORIES

**PROPOUNDING PARTY: DEFENDANT AND COUNTER-CLAIMANT**
**ENTERPRISE SERVICES LLC**

**RESPONDING PARTY:    PLAINTIFF AND COUNTER-DEFENDANT**
**KST DATA, INC.**

**SET NO.:              ONE**

Pursuant to Federal Rule of Civil Procedure 33, the Local Rules of this Court, and the Court's Standing Order, Plaintiff and Counter-Defendant KST Data, Inc. ("KST" or "Plaintiff") hereby objects and responds to Defendant and Counter-Claimant Enterprise Services LLC's ("ES" or "Defendant") First Set of Interrogatories (the "Interrogatories") as follows:

**PRELIMINARY STATEMENT**

A.      These responses are made solely for the purposes of this action.  Each response is subject to all appropriate objections, including, but not limited to, objections to confidentiality, relevance, propriety and admissibility.  All such objections and grounds are reserved and may be interposed at the time of deposition and/or trial.

B.      Nothing contained herein is intended as, or shall in any way be deemed, a waiver of the attorney/client privilege, the attorney work product doctrine, the common interest and/or joint defense privilege, the right of privacy, and/or any other applicable privilege or doctrine.

C.      Plaintiff has not yet completed its investigation of the facts relating to this action and has not yet reviewed all documents relating to this action. Consequently, Plaintiff reserves the right, without assuming any obligation, to supplement its responses.

D.      Except for matters explicitly admitted, no admissions of any nature whatsoever are implied or should be inferred.  The fact that any Interrogatory has been answered should not be taken as an admission or acceptance of the existence of any facts set forth or assumed by such Interrogatory, or that such answer constitutes

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 4:**

Separately itemize all damages KST seeks in the sole remaining count of the SAC (Count I for Breach of Contract).

**RESPONSE TO INTERROGATORY NO. 4:**

KST repeats and incorporates by reference each of its General Objections. KST further objects to this Interrogatory on the grounds that it is unduly burdensome and compound as drafted. Subject to, and without waiving these objections, KST supplements its response as follows: KST is seeking damages consisting of payment of the unpaid invoices listed below and in paragraph 26 of its Second Amended Complaint, as well as pre-judgment interest to which it is entitled for each of these invoices as set forth in California Civil Code § 3289(b). KST believes that the total amount of damages owed for these withheld payments is $3,227,415.62 plus contractual interest of 18% per annum accruing through date of payment, as set forth in KST's invoices.

| Date | Invoice | Purchase Order | Amount Due |
|---|---|---|---|
| 1/12/2015 | 947702 | 8900004651 | $3,978.84 |
| 6/29/2015 | 961501 | 8900004651 | $4,472.00 |
| 7/24/2015 | 963695 | 8900004651 | $4,472.00 |
| 9/4/2014 | 967231 | 8900010028 | $27,766.00 |
| 1/7/2015 | 947405 | 8900010028 | $19,823.00 |
| 6/2/2015 | 959061 | 8900010028 | $27,420.00 |
| 7/2/2015 | 961945 | 8900010028 | $30,248.00 |
| 8/3/2015 | 964399 | 8900010028 | $26,103.00 |
| 12/30/2014 | 947102 | 8900013696-10 | $72,422.11 |
| 1/14/2015 | 948018 | 8900013696-10 | $477,895.53 |
| 1/29/2015 | 949149 | 8900013696-10 | $333,348.26 |
| 5/29/2015 | 958843 | 8900013696-10 | $19,872.00 |
| 9/4/2015 | 967321 | 8900013696-10 | $8,710.00 |

3528521.1

6

KST'S FOURTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ESI' 1ST SET OF INTERROGATORIES

| Date | Invoice | Purchase Order | Amount Due |
|---|---|---|---|
| 5/29/2015 | 958816 | 8900013696-20 | $277.189.16 |
| 6/30/2015 | 961677 | 8900013696-20 | $385.979.66 |
| 7/31/2015 | 964178 | 8900013696-20 | $329.582.25 |
| 8/13/2015 | 965331 | 8900013696-20 | $217.339.98 |
| 8/27/2015 | 966682 | 8900013696-20 | $422.618.97 |
| 9/15/2015 | 967830 | 8900013696-20 | $206.842.27 |
| 11/30/2015 | 972366 | 8900013696-20 | $5.321.95 |
| 1/15/2015 | 948053 | 8900013945-40 | $6.410.54 |
| 5/29/2015 | 958818 | 8900013945-60 | $7.251.82 |
| 6/15/2015 | 960260 | 8900013945-60 | $7.243.61 |
| 6/30/2015 | 961687 | 8900013945-60 | $7.251.82 |
| 7/31/2015 | 964179 | 8900013945-60 | $3.631.79 |
| 8/13/2015 | 965336 | 8900013945-60 | $160.03 |
| 8/13/2015 | 965334 | 8900013945-70 | $8.814.91 |
| 9/15/2015 | 967832 | 8900013945-70 | $9.179.40 |
| 8/31/2015 | 966685 | 8900018725-10 | $5.738.00 |
| 10/15/2015 | 971269 | 8900018725-20 | $29.719.75 |
| 11/30/2015 | 972367 | 8900018725-20 | $480.00 |
| 12/1/2015 | 969186 | 8900022849 | $446.55 |
| 2/16/2016 | 974790 | 7000080523 | $4.570.86 |
| 8/1/2016 | 979961 | 7000091958 | $26.396.44 |
| 11/16/2015 | 971894 | 8900000793 | $7.350.25 |
| 1/5/2016 | 973375 | 8900000793 | $13.418.72 |
| 12/22/2014 | 946690 | 7000051178 | $42.120.00 |
| 12/30/2014 | 946969 | 8900013945-40 | --- |
| 1/30/2015 | 949174 | 8900009815-30 | --- |
| 10/20/2015 | 969081-DB | 8900013696-20 | $60.219.30 |

KST'S FOURTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ES' 1ST SET OF INTERROGATORIES

1  DATED:  October 19, 2018          Gary S. Lincenberg
                                     Nicole R. Van Dyk
2                                    Ashley D. Bowman
                                     Bird, Marella, Boxer, Wolpert, Nessim,
3                                    Drooks, Lincenberg & Rhow, P.C.

4

5                                    By: _____/s/ Ashley D. Bowman_____

6                                              Ashley D. Bowman
                                          Attorneys for Plaintiff and
7                                         Counterdefendant KST Data, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KST'S FOURTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO ES' 1ST SET OF INTERROGATORIES

Exhibit F

BRIAN C. VANDERHOOF (SBN 248511)
   Brian.Vanderhoof@leclairryan.com
LeClairRyan LLP
725 S. Figueroa Street, Suite 350
Los Angeles, CA  90017
Telephone: (213) 488-0503
Facsimile: (213) 624-3755

ATTISON L. BARNES, III (admitted *pro hac vice*)
   abarnes@wileyrein.com
WILEY REIN LLP
1776 K Street, NW
Washington, DC 20006
Telephone: (202) 719-7000
Facsimile: (202) 719-7049

Attorneys for Defendants
DXC TECHNOLOGY COMPANY and
ENTERPRISE SERVICES LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KST DATA, INC., a California Corporation, | CASE NO. 2:17-cv-07927 SJO (SK) |
| Plaintiff, | Judge:   S. James Otero |
| vs. | |
| DXC TECHNOLOGY COMPANY, a Nevada Corporation; ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company; and DOES 1-10, | **DEFENDANT/ COUNTERCLAIMANT ENTERPRISE SERVICES LLC'S FIRST SET OF DOCUMENT REQUESTS** |
| Defendants. | |
| ENTERPRISE SERVICES LLC, a Delaware Limited Liability Company, | |
| Counter-claimant, | |
| vs. | |
| KST DATA, INC., a California Corporation; ARMANDO TAN; and MITCHELL EVANS, | |
| Counter-defendants. | |

6.     All electronically stored information should be produced in the format described in Attachment A.

7.     Documents produced shall be labeled to indicate the number of the Request(s) to which they respond.

8.     All documents requested for inspection and/or copying shall be produced as they are kept in the usual course of business, or shall be organized and labeled to correspond with the files or locations from which they are produced and the numbered categories in the following Requests.

## DOCUMENT REQUESTS

**Document Request No. 1.**

All documents identified in or requested to be identified in any interrogatory or referenced in any answer thereto.

**Document Request No. 2.**

All written reports prepared by any expert witness(es) KST designates in this matter and all materials relied upon by KST's expert(s).

**Document Request No. 3.**

A curriculum vitae for each expert you will call to testify in this matter.

**Document Request No. 4.**

Documents sufficient to identify the owners, directors, officers, and senior management for KST at the time KST commenced work as a subcontractor under the ACES contract, and how it has changed since that time.

**Document Request No. 5.**

All documents mentioning or reflecting the business relationships between KST and DME since January 1, 2000, including but not limited to the "number of projects" Armando Tan represented in his letter to Joanne Mosig, dated May 15, 2015 (attached as Exhibit G to ES's First Requests for Admission).

/ / /

**Document Request No. 34.**

All documents or communications reflecting KST or DME's disclosure(s) to NASA relating to KST's relationship with DME.

**Document Request No. 35.**

All non-privileged documents mentioning or relating to all occasions on which Armando Tan has been arrested.

**Document Request No. 36.**

All non-privileged documents mentioning or relating to any suspensions or debarments of KST and/or Armando Tan from government contracting, including but not limited to any communications with any Government Suspending And Debarring Official (SDO).


DATED:  May 25, 2018          LECLAIRRYAN LLP


                              By: */s/Brian C. Vanderhoof*_____
                                  BRIAN C. VANDERHOOF


                              WILEY REIN LLP


                              By: */s/Attison L. Barnes, III*_____
                                  ATTISON L. BARNES, III (admitted
                                  *pro hac vice*)

                              Attorneys for Defendants

Exhibit G

**From:**           Nicole R. Van Dyk <nvandyk@birdmarella.com>
**Sent:**           Friday, January 25, 2019 6:29 PM
**To:**             Barnes III, Attison; Ashley D. Bowman; Gary S. Lincenberg
**Cc:**             Saitta, Rebecca
**Subject:**        RE: KST Motion for Entry of Judgment

Your edits are fine.  We will accept the changes and file.

---

**From:** Barnes III, Attison <ABarnes@wileyrein.com>
**Sent:** Friday, January 25, 2019 3:19 PM
**To:** Nicole R. Van Dyk <nrv@birdmarella.com>; Ashley D. Bowman <adb@birdmarella.com>; Gary S. Lincenberg
<gsl@birdmarella.com>
**Cc:** Saitta, Rebecca <RSaitta@wileyrein.com>
**Subject:** RE: KST Motion for Entry of Judgment

See couple tweaks in the attached redline.  Because we stipulated to the dismissal of DXC, I removed references to DXC
in the first paragraph and signature block.  Okay to file this version.

As you expect, we reserve all rights, and again, ES does not agree that KST is not entitled to the relief it seeks, including
the unsupported claim for 18% interest (whether past or future).  Thanks.


**Attison L. Barnes, III** | Attorney at Law
1776 K Street NW | Washington, DC 20006
T: 202.719.7385 | abarnes@wileyrein.com
wileyrein.com | Bio
LinkedIn   Twitter

---

**From:** Nicole R. Van Dyk <nvandyk@birdmarella.com>
**Sent:** Wednesday, January 23, 2019 8:37 PM
**To:** Barnes III, Attison <ABarnes@wileyrein.com>; Ashley D. Bowman <abowman@birdmarella.com>; Gary S. Lincenberg
<glincenberg@birdmarella.com>
**Cc:** Saitta, Rebecca <RSaitta@wileyrein.com>
**Subject:** RE: KST Motion for Entry of Judgment

Attison,

In light of the Court's January 8 Order closing this case, I do not think it is clear that the time period in the standing order
applies—a position I understood you to share as we discussed the hearing date during our meet-and-confer and you
confirmed your availability last Friday, which was well after the deadline for a notice period of 35 days.
I also remain puzzled by your sudden insistence on a different hearing date based on the "numerous" exhibits attached
to our Motion.  We attached the invoices and purchase orders for which we are entitled to damages under Judge
Otero's summary judgment ruling as set forth in our Second Amended Complaint.  Whether you count them as
"numerous" or "several," there should have been no mystery about the volume of purchase orders or invoices at issue.

That said, in the interest of moving forward, we are willing to stipulate to continue the hearing.  Please let us know if the attached stipulation is acceptable and we will file tomorrow.

As I stated previously, we will be seeking an award of 18% interest on all unpaid sums during the period of time in which the Motion is pending.

Thanks,
Nicole

**From:** Barnes III, Attison <ABarnes@wileyrein.com>
**Sent:** Wednesday, January 23, 2019 1:47 PM
**To:** Nicole R. Van Dyk <nrv@birdmarella.com>; Ashley D. Bowman <adb@birdmarella.com>; Gary S. Lincenberg <gsl@birdmarella.com>
**Cc:** Saitta, Rebecca <RSaitta@wileyrein.com>
**Subject:** RE: KST Motion for Entry of Judgment

Nicole –

Are you suggesting that KST does not need to comply with Judge Otero's Standing Order?  I trust you have not been asking us to "stipulate" that KST need not comply with the Standing Order.  In any event, we merely said we did "not have a conflict" with February 19, and you represented that you were going to file your motion last week.  By waiting until this week to file your 285-page submission including numerous exhibits (as opposed to "several" as represented in your e-mail last week), you cut our response time.

Please confirm that you planning to comply with Judge Otero's Order by refiling with sufficient notice.

And ES does not agree that you are not entitled to the relief you seek, including the unsupported claim for 18% interest.



**Attison L. Barnes, III** | Attorney at Law
1776 K Street NW | Washington, DC 20006
T: 202.719.7385 | abarnes@wileyrein.com
wileyrein.com | Bio
LinkedIn   Twitter

**From:** Nicole R. Van Dyk <nvandyk@birdmarella.com>
**Sent:** Wednesday, January 23, 2019 12:09 PM
**To:** Barnes III, Attison <ABarnes@wileyrein.com>; Ashley D. Bowman <abowman@birdmarella.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>
**Cc:** Saitta, Rebecca <RSaitta@wileyrein.com>
**Subject:** RE: KST Motion for Entry of Judgment

Attison,

I am surprised to receive this email in light of the fact that we met and conferred extensively about this motion, including in email correspondence over the weekend, and you stipulated to this date after we repeatedly extended you the courtesy of confirming your lack of conflict.  If you are now withdrawing that stipulation, please confirm.  Please also note that we will seek pre-judgment interest at the contractual rate of 18% for the length of time the motion is pending.

Thanks,
Nicole

---

**From:** Barnes III, Attison <ABarnes@wileyrein.com>
**Sent:** Wednesday, January 23, 2019 5:42 AM
**To:** Nicole R. Van Dyk <nrv@birdmarella.com>; Ashley D. Bowman <adb@birdmarella.com>; Gary S. Lincenberg <gsl@birdmarella.com>
**Cc:** Saitta, Rebecca <RSaitta@wileyrein.com>
**Subject:** RE: KST Motion for Entry of Judgment


Note that Judge Otero's Standing Order requires that motions in cases with stipulated protective orders to be noticed for at least 35 days before the hearing.  Therefore, your motion is improperly noticed.  To bring your motion into compliance with Judge Otero's requirements, please withdraw your motion and refile with sufficient notice.  Thank you.


 **Attison L. Barnes, III** | Attorney at Law
1776 K Street NW | Washington, DC 20006
T: 202.719.7385 | abarnes@wileyrein.com
wileyrein.com | Bio
LinkedIn   Twitter

---

**From:** Nicole R. Van Dyk <nvandyk@birdmarella.com>
**Sent:** Monday, January 21, 2019 8:10 PM
**To:** Ashley D. Bowman <abowman@birdmarella.com>; Saitta, Rebecca <RSaitta@wileyrein.com>
**Cc:** Barnes III, Attison <ABarnes@wileyrein.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>
**Subject:** Re: KST Motion for Entry of Judgment

Rebecca,

Though you make reference to the "reasons we discussed," you have not disclosed any basis for your opposition  other than the fact that you oppose entry of judgment. We will note that we met and conferred and that you have indicated an intent to oppose our motion.

Thanks,
Nicole

Get Outlook for Android



On Mon, Jan 21, 2019 at 4:51 PM -0800, "Saitta, Rebecca" <RSaitta@wileyrein.com> wrote:

> Nicole,
>
> We do not agree, and for the reasons we discussed, we oppose entry of a judgment on KST's claim and/or a monetary award in favor of KST, especially when the amounts are disputed.  As we mentioned before, please include a statement that ES opposes and requests that the Court not act on KST's motion before ES has an opportunity to be heard.

Thank you.

Rebecca


Rebecca L. Saitta | Attorney at Law
**Wiley Rein LLP**
1776 K Street NW | Washington, DC 20006
T: 202.719.7075 | M: 703.216.9217 | rsaitta@wileyrein.com
www.wileyrein.com | Bio | LinkedIn | Twitter

---

**From:** Nicole R. Van Dyk <nvandyk@birdmarella.com>
**Sent:** Friday, January 18, 2019 8:31 PM
**To:** Saitta, Rebecca <RSaitta@wileyrein.com>; Ashley D. Bowman <abowman@birdmarella.com>
**Cc:** Barnes III, Attison <ABarnes@wileyrein.com>; Gary S. Lincenberg <glincenberg@birdmarella.com>
**Subject:** RE: KST Motion for Entry of Judgment

Rebecca,

Judge Otero granted KST summary judgment as to its breach of contract claim, which seeks payment for the unpaid invoices set forth in Paragraph 26 of the SAC.  We are attaching the invoices and purchase orders that correspond to those invoices.  If ES will stipulate to the amounts, we do not need to attach them.  Let us know.

Thanks,
Nicole

---

**From:** Saitta, Rebecca <RSaitta@wileyrein.com>
**Sent:** Friday, January 18, 2019 5:20 PM
**To:** Ashley D. Bowman <adb@birdmarella.com>
**Cc:** Nicole R. Van Dyk <nrv@birdmarella.com>; Barnes III, Attison <ABarnes@wileyrein.com>
**Subject:** Re: KST Motion for Entry of Judgment

Ashley,

As an initial matter, can you please explain the purpose for which you are using the purchase orders and invoices?

Thanks,
Rebecca


On Jan 18, 2019, at 7:15 PM, Ashley D. Bowman <abowman@birdmarella.com> wrote:

> Thanks, Rebecca.  Can you please clarify what it is that ES is opposing?
>
> Best,
>
> Ashley
>
> **Ashley D. Bowman** | *Associate*
> **O**: 310.201.2100 | **F**: 310.201.2110 | **E**: abowman@birdmarella.com
>
> **Bird, Marella, Boxer, Wolpert, Nessim,**
> **Drooks, Lincenberg & Rhow, P.C.**

4

1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
BirdMarella.com

---

**From:** Saitta, Rebecca <RSaitta@wileyrein.com>
**Sent:** Friday, January 18, 2019 2:47 PM
**To:** Ashley D. Bowman <adb@birdmarella.com>
**Cc:** Nicole R. Van Dyk <nrv@birdmarella.com>; Barnes III, Attison <ABarnes@wileyrein.com>
**Subject:** RE: KST Motion for Entry of Judgment

Ashley –

We do not have a conflict with the February 19 hearing date.

Please keep the purchase orders and invoices confidential and file these documents under seal.

Lastly, when referencing the parties' meet and confer, please include a statement that ES opposes and will be filing a response, requesting that the Court not act on KST's motion before ES has an opportunity to be heard.

Thank you.


Rebecca L. Saitta | Attorney at Law
**Wiley Rein LLP**
1776 K Street NW | Washington, DC 20006
T: 202.719.7075 | M: 703.216.9217 | rsaitta@wileyrein.com
www.wileyrein.com | Bio | LinkedIn | Twitter

---

**From:** Ashley D. Bowman <abowman@birdmarella.com>
**Sent:** Friday, January 18, 2019 1:25 PM
**To:** Saitta, Rebecca <RSaitta@wileyrein.com>; Barnes III, Attison <ABarnes@wileyrein.com>
**Cc:** Nicole R. Van Dyk <nvandyk@birdmarella.com>
**Subject:** KST Motion for Entry of Judgment

Attison and Rebecca,

Per my previous email, please let us know if you have any conflict with a Feb 19 hearing date.

Also, we are planning to submit several purchase orders from ES to KST and invoices from KST to ES as exhibits to our motion for entry of judgment.  Please let us know if you contend that any of these purchase orders or invoices that were produced by ES in discovery must be filed under seal.

Thanks,

Ashley

**Ashley D. Bowman** | *Associate*
**O:** 310.201.2100 | **F:** 310.201.2110 | **E:** abowman@birdmarella.com

**Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.**
1875 Century Park East, 23rd Floor

Los Angeles, California 90067-2561
BirdMarella.com

NOTICE: This message (including any attachments) from Wiley Rein LLP may constitute an attorney-client communication and may contain information that is PRIVILEGED and CONFIDENTIAL and/or ATTORNEY WORK PRODUCT. If you are not an intended recipient, you are hereby notified that any dissemination of this message is strictly prohibited. If you have received this message in error, please do not read, copy or forward this message. Please permanently delete all copies and any attachments and notify the sender immediately by sending an e-mail to Information@wileyrein.com.