UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Priority | |
| Send | |
| Enter | |
| Closed | X |
| JS-5/JS-6 | |
| Scan Only | |

CASE NO.: <u>CV 2:17-07927 SJO (SK)</u>         DATE: <u>September 16, 2019</u>

TITLE: <u>KST Data, Inc. v. DXC Technology, et al.</u>

========================================================================
PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE

Victor Paul Cruz                                    Not Present
Courtroom Clerk                                     Court Reporter

**COUNSEL PRESENT FOR LEAD PLAINTIFF:**    **COUNSEL PRESENT FOR DEFENDANTS:**

Not Present                                         Not Present

========================================================================

**PROCEEDINGS (in chambers): ORDER DENYING DEFENDANT ENTERPRISE SERVICES' MOTION FOR RECONSIDERATION** [Docket No. 215]

This matter is before the Court on Defendant and Counter-Plaintiff Enterprise Services, LLC's ("ES") Motion For Reconsideration ("Motion"), filed on April 10, 2019 as part of its briefing on an independent attorneys' fees motion. Plaintiff and Counter-Defendant KST Data, Inc's ("KST") opposed the Motion on April 22, 2019. For the following reasons, the Court **DENIES** ES's Motion and orders judgment in favor of KST.

I.    ANALYSIS

The instant action arises from a series of contracts entered into by the National Aeronautics and Space Administration ("NASA"), ES, KST, and DME Products and Systems ("DME"). The factual background of this case is relatively complex, and the Court directs the parties to its prior order for a detailed summary of the dispute. (*See* Order on Cross Motions for Summary Judgment, ECF No. 188.)

In this prior order, the Court denied summary judgment to ES as to its breach of contract claim against KST and granted summary judgment to KST as to ES' breach of contract claim against KST. (Order on Cross Motions for Summary Judgment at 11.) The Court also found that ES had wrongfully stopped performing the KST-ES Contract because KST had not, in fact, breached the contract. (Order on Cross Motions for Summary Judgment at 10.) Accordingly, the Court granted summary judgment to KST as to KST's breach of contract claim against ES. (Order on Cross Motions for Summary Judgment at 15.)

The Court subsequently entered judgment in favor of KST. (*See* Order Granting Judgment To KST, ECF No. 207.) The Court calculated the interest on the judgment amount as follows. "Because California law would permit an 18% interest rate to be charged, the Court applies a 18% pre-judgment interest on the amount of $3,180,232.41. As KST specifies in its briefing, this interest would require ES to pay KST a total amount of $5,239,239,94 as of January 22, 2019. However, pre-judgment interest continues to accrue until the date of this order. (*See* Mot. at 11-12.) After

the date of the instant judgment, ES shall be charged the California statutory rate of interest, 10% per annum." (Order Granting Judgment To KST at 4-5.)

In the instant Motion, ES asks this Court to revisit this interest calculation. According to ES, "KST has no contractual basis for the 18% pre-judgment interest that the Court applied in its final judgment." (Mot. at 20, ECF No. 215.)

The Court disagrees with ES and **DENIES** the Motion. As a threshold matter, the Court notes that ES wrongly filed the instant Motion as part of an Opposition to an attorneys' fees motion.[1] ES must normally file this type of motion in a separate pleading.

In any event, ES' Motion has no merit. Under Federal Rule of Civil Procedure 59(e), a party may move the court to reconsider and amend a previous order. Fed. R. Civ. Proc. 59(e). The rule offers an "**extraordinary remedy**, to be used sparingly in the interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation omitted) (emphasis added). A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (citing *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

ES does not meet the extraordinary showing required on a motion for reconsideration. In fact, ES makes no substantive argument as to why the Court should revisit the judgment entered in this matter. KST has presented invoices to the Court that KST issued to ES and that obligate ES to pay KST for work rendered. The invoices specify that unpaid accounts accrue at a rate of 18%. ES has not contradicted this evidence. (*See* Order Granting Judgment To KST at 4.) Accordingly, the Court **DENIES** ES' Motion For Reconsideration.

VI.    RULING

The Court **DENIES** ES' Motion For Reconsideration, ECF No. 215.

IT IS SO ORDERED.

---

[1] The attorneys' fees motion remains pending in light of the appeal before the Ninth Circuit Court of Appeals and the continued accrual of fees connected to the appellate litigation. (Notice Of Appeal, ECF No. 216.)